EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a malicious prosecution ease.
Turberville and McDaniel, two game wardens for the Alabama Department of Conservation, arrested and charged Booker with hunting at night, a misdemeanor offense. That criminal case was later nol-prossed on motion of the state. Booker then sued the game wardens for malicious prosecution and the trial of that case was concluded when the trial court granted a directed verdict in favor of the game wardens because they had probable cause to arrest and criminally charge Booker. Thereafter, the game wardens instituted the present malicious prosecution suit against Booker, alleging that Booker’s civil case against them had been filed without probable cause, but with malice on Booker’s part. After a jury trial, the verdict was in favor of the game wardens, who were awarded $6,600 in damages from Booker. A final judgment was entered pursuant to that verdict. After Booker’s Rule 59, A.R.Civ.P., motion was overruled by operation of Rule 59.1, Booker timely appealed and here contends through able counsel that there was no evidence that Booker sued the game wardens without probable cause and with malice. He also contends that he was entitled to a directed verdict on the probable cause issue because of his reliance upon the advice of his attorneys in filing his civil case against the game wardens.
The game wardens testified that they had received complaints about night hunting in a certain neighborhood and that they proceeded to the vicinity of Booker’s father’s home on the night in question. About midnight they observed a third party at his trailer connecting a spotlight to the Booker truck. The truck was driven by Booker’s father with Booker and the third party riding in the bed of the truck where the two of them had a shotgun, which was loaded with buckshot, and a .30/.30 rifle, which was loaded with six cartridges. On two separate occasions on trips that night, the spotlight was shined back and forth as they rode over some fields or clearings and *1110 along some roads. As they were leaving a corn and soybean field, the three were arrested and charged with hunting at night. The Booker truck, the two weapons and the spotlight were confiscated by the game wardens, but those items were returned to the Bookers after the criminal charge was nol-prossed. There was testimony that it was against the laws of Alabama to shine a spotlight after 10:00 P.M. It was also illegal to hunt at night. Deer season was not open on this occasion. The hunting-at-night case was nol-prossed on motion of the State without the consent or knowledge of the game wardens. We surmise from tendencies of the evidence, which is anything but a paragon of clarity in that respect, that the case was tried in the district court, appealed and nol-prossed in the circuit court. The game wardens each testified as to their particular special damages.
Booker testified that he and his father owned goats that normally were pastured, or attempted to be contained, within the confines of an electric fence, but that the electricity to the fence had been off for about two days because of Hurricane Frederic, but that the electricity had been restored around 10:00 o’clock on the night of their arrest. They had heard dogs running in the fields just before the electricity came back on. When the electricity was restored, he, his father and a neighbor spotlighted to check the fence, to look for the goats, and to kill the dogs, if they saw them. He admitted they crossed a paper company’s land that night with the spotlight being hooked up, with guns being loaded and with the two people in the back of the truck and that the spotlight was shined all over the place. One warden testified that no one told them at the time of the arrests that the three were there because they thought that dogs were running their goats.
After the criminal case was disposed of, the Bookers consulted a Mobile law firm. Booker testified that they carried a copy of the criminal court file with them. His evidence was very general, with no specifics, but it was to the conclusionary effect that he discussed fully, frankly, and in detail, all of the facts which he knew about the case with the Mobile -attorneys. The Bookers hired that law firm and entered into a contingent fee agreement with them as to the malicious prosecution case which was filed for the Bookers against the game wardens, which sought $2,710,000 as damages.
When that case was tried, the game wardens’ motion for a directed verdict was granted by the trial court and no appeal was taken therefrom. Concerning the directed verdict, the trial court stated in no uncertain terms that the game wardens had probable cause for the institution of the criminal charge against the Bookers, that, if there ever was a case where plenty of probable cause existed, it was in that criminal case.
There is no dispute that Booker filed the malicious prosecution case against the game wardens and that that civil action ended in favor of the game wardens. The issue for our determination concerns whether there was evidence before the jury that Booker’s malicious prosecution action was commenced maliciously and without probable cause.
A party has probable cause for the filing of a civil action when he has a reasonable belief that he will prevail in the case. That belief must be based upon facts and circumstances which are sufficiently strong in themselves to warrant a prudent person to reasonably believe that there is a reasonable possibility that he will win. Gamble v. Webb Quarterback Club, 386 So.2d 455 (Ala.Civ.App.), cert. denied, 386 So.2d 459 (Ala.1980). Alabama Pattern Jury Instructions: Civil, Charge 24.11 (1974). Malice is the intentional doing of a wrongful act without just cause or excuse, either with an intent to injure the other party or under such circumstances that the law will imply an evil intent, which intent will be implied by the reckless filing of a civil action without information which would lead a prudent person to a belief that there is a reasonable possibility that he will *1111 win. Alabama Pattern Jury Instructions: Civil, Charge 24.10 (1974).
When the learned trial court granted the directed verdict in favor of the game wardens in Booker’s malicious prosecution suit on the ground that the game wardens had probable cause for the arrest and commencement of the criminal charge against Booker, that holding became res judicata as to that issue as between these parties. However, that holding and judgment were not res judicata as to whether Booker had probable cause to file the malicious prosecution case against the game wardens. Nevertheless, in the present case, proof of the fact that the motion for a directed verdict was granted constituted rather strong evidence that Booker did not have probable cause to institute the malicious prosecution case against them. The proof of that directed verdict ruling in Booker’s malicious prosecution case supported the verdict of the jury in the present case upon the issue of Booker’s lack of probable cause in filing his civil case against the game wardens.
For the defense of advice of counsel to prevail, Booker had the burden of reasonably satisfying the jury from the evidence that he made a full and fair disclosure to his attorneys of all of the material facts and circumstances of the case and that he instituted the civil action on the advice of his attorneys. Gamble, 386 So.2d at 457; Alabama Pattern Jury Instructions: Civil, Charge 24.12 (1974). Because of the absolute and complete lack of any specifics in Booker’s testimony as to what facts and circumstances he disclosed to his attorneys regarding his proposed malicious prosecution case against the game wardens and because his evidence in that regard consisted entirely of generalities and conclusions, it was a question for the jury to determine as to whether his general, con-clusionary evidence reasonably satisfied them that the complete disclosure as required by law had been made by him to his counsel.
In short, under the conflicting evidence as to the probable cause issue, it became a question for the jury to determine. There was adequate evidence to submit the case to the jury upon the issue as to whether Booker had probable cause to file his malicious prosecution civil action against the game wardens. By the verdict in favor of the game wardens, the jury found that Booker did not possess such probable cause. No error there.
Malice may be inferred from a want of probable cause. Gamble, 386 So.2d at 458.
We affirm.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.