This is an appeal from a judgment entered pursuant to a jury verdict of $10,650.00 in favor of the plaintiffs in a malicious prosecution case. The defendant, Empiregas, Inc., of Elberta, alleges four grounds for reversal: (1) That the trial court erred in submitting to the jury the plaintiffs' claim based upon malicious prosecution; (2) that the trial court erred in failing to fully charge the jury as to the agency of one of the witnesses; (3) that the trial court erred in failing to adequately instruct the jury as to the limitation of recovery; and, (4) that the trial court erred in failing to grant the defendant's motion for j.n.o.v., or, in the alternative, for a new trial.
The facts of the case are as follows: The plaintiffs, James and Thomas Feely, own a farm and do business as Feely Brothers Farm. In the course of their farming, the Feely brothers used propane gas they bought from the defendant, Empiregas.
In mid-1979, the Feely brothers stopped purchasing gas from Empiregas, and Empiregas removed the gas storage tanks from their property. At that time there was a balance owing on the Feely brothers account with Empiregas. There was also gas remaining in the tanks when they were finally removed; some 40% in a 1000 gallon tank, and a lesser amount in a 400 gallon tank. In March 1980, the Feely brothers paid $2200 on their account and Empiregas's office manager, Melanie Frith, told them that there was enough gas remaining in the tanks to offset the balance of the account.
After paying the bill, the Feely brothers continued to receive statements for several months in varying amounts: $200, $60, and $99. James Feely had several discussions with Ms. Frith concerning the bills, but was continually reassured not to worry about them. When the bills continued, he wrote several letters to Empiregas at its home office in an attempt to resolve the matter. Some time later the bills stopped.
In July of 1984, more than four years after the tanks were removed, the Feely brothers were served with a summons and complaint in a lawsuit claiming $99. The complaint was served upon James Feely by a deputy sheriff at his wife's cafe, in front of about 100 of his friends and neighbors.
The Feely brothers took the complaint to their attorney, who charged them $400 to defend the suit. He filed a motion for summary judgment on their behalf. The motion was set for oral argument. Empiregas then dismissed its complaint. Subsequently, the Feely brothers filed this suit for malicious prosecution.
Both parties acknowledge that the essential elements of a cause of action for malicious prosecution are: (1) a judicial proceeding initiated by the defendant; (2) the lack of probable cause; (3) malice on the part of the defendant; (4) termination of the judicial proceeding favorably to the plaintiff; and, (5) damages. Allen v. Molton, Allen Williams Realty Co.,495 So.2d 27 (Ala. 1986); Kitchens v. Winn-Dixie Montgomery, Inc.,456 So.2d 45 (Ala. 1984); Gulf States Paper Corp. v. Hawkins,444 So.2d 381 (Ala. 1983).
Empiregas contends that there was no evidence of either a want of probable cause or malice.
"Probable cause in malicious prosecution cases is that state of facts which would lead a person of reasonable prudence to honestly believe that the claims put forth in the prior suit would prevail." Allen, supra, *Page 628 
at 30. See, also, Birwood Paper Co. v. Damsky, 285 Ala. 127,229 So.2d 514 (1969).
"That belief must be based upon facts and circumstances which are sufficiently strong in themselves to warrant a prudent person to reasonably believe that there is a reasonable possibility that he will win." Booker v. Turberville,500 So.2d 1108, 1110 (Ala.Civ.App. 1986). See, also, Gamble v. WebbQuarterback Club, 386 So.2d 455 (Ala.Civ.App.), cert. den.,386 So.2d 459 (Ala. 1980).
Evidence presented to the jury indicated that the original suit by Empiregas was filed after the applicable statute of limitations had run (see Code, 1975, § 6-2-37), and testimony by the attorney representing Empiregas in that action established that he was aware at the time that the statute had run. While filing a claim barred by the applicable statute of limitations will not always constitute evidence of lack of probable cause in a subsequent malicious prosecution case, it is in this case proper for the jury's consideration. Empiregas's attorney acknowledged that he knew the claim was barred and that he had no intention of pursuing the claim if the Feelys offered any defense to the claim. Under these circumstances, the trial court properly submitted the issue of probable cause to the jury.
"Malice is the intentional doing of a wrongful act without just cause or excuse, either with an intent to injure the other party or under such circumstances that the law will imply an evil intent. . . ." Booker, supra, at 1110. See, also, AlabamaPattern Jury Instructions: Civil, Charge 24.10 (1974).
"The existence of malice being a fact which in the nature of things is incapable of positive, direct proof, it must of necessity be rested on inferences and deductions from facts which can be laid before a jury." Nat. Sec. Fire Cas. Co. v.Bowen, 447 So.2d 133, 140 (Ala. 1983). See, also, Lunsford v.Dietrich, 93 Ala. 565, 9 So. 308 (1890).
In addition to filing suit with knowledge that the claim was barred by the statute of limitations, Empiregas further confessed that it had no intention of pursuing the case and incurring the expense of litigating if the Feely brothers contested the suit. It is one thing to file a lawsuit where the claim is of debatable legitimacy or where the defense is doubtful, but it is quite another to file a claim knowing it to be without merit or knowing that there exists a complete defense. The court system exists for the resolution of genuine disputes, and must not be used as a means of coercing a party either to pay a debt that he does not owe or be compelled to expend a greater sum to defend an illegitimate claim. We cannot say that under these facts that the defendant was entitled to a directed verdict. To the contrary, the facts do not preclude a jury from finding malice on the part of the defendant. Moreover, these admissions, if believed by a jury, would support an award of damages. We find, therefore, that the trial court was correct in submitting the plaintiffs' claim for malicious prosecution to the jury.
Empiregas next contends that the trial judge erred in his instructions to the jury regarding the agency of Ms. Frith. Specifically, it argues that it was error for the judge to refuse to charge the jury on Ms. Frith's departure from the line and scope of her employment and her deviation from the scope of her authority. However, it appears from the record that Empiregas failed to preserve this issue for appellate review. City of Birmingham v. Wright, 379 So.2d 1264 (Ala. 1980). See, also, A.R.Civ.P. Rule 51.
Empiregas further argues that it was error for the trial court to refuse to charge that any damages related to the issue of humiliation must be limited to the humiliation suffered on the day that the summons was served. The record indicates that the plaintiffs only tried to prove humiliation from having been served upon at Mrs. Feely's business establishment, and in front of a large number of people. The record further discloses that the trial court was satisfied that plaintiffs' counsel sufficiently confined his closing arguments, so that further comment by the judge would *Page 629 
only tend to confuse the jury. In addition, it again appears from the record that this issue was not preserved for appellate review. Therefore, we find no error on the part of the trial judge with respect to this issue.
Finally, Empiregas argues that the trial court erred in failing to grant its motion for j.n.o.v., or, alternatively, for a new trial. However, plaintiffs presented evidence that tended to prove each of the essential elements of their cause of action, including damages. The evidence of the conduct of Empiregas, if believed by the jury, was sufficient to allow the awarding of punitive damages. Therefore, the judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.