RUSSELL, Judge.
This is an appeal from a judgment entered pursuant to a jury verdict of $4,500 in favor of the plaintiff, Holt, in a malicious prosecution case. The defendants appeal.
Holt was a member of the defendant union for approximately fifteen years. In June 1987 the union filed suit in district court to collect certain fees, dues, and assessments allegedly owed by Holt. After an evidentiary hearing the district court rendered a judgment in favor of Holt.
No appeal was taken by the defendant, and Holt subsequently brought suit in circuit court, alleging the district court suit was filed maliciously and without cause. After a trial the jury returned a verdict in Holt’s favor.
The dispositive issue is whether the verdict is against the great weight of the evidence. We note that Holt has not favored this court with a brief.
In order to prevail in a malicious prosecution case, the following essential elements of the cause of action must be established: (1) a judicial proceeding initiated by the defendant, (2) the lack of probable cause, (3) malice, (4) termination of the judicial proceeding favorably to the plaintiff, and (5) damages. In order to prevail, each element must be proved. Empiregas, Inc. v. Feely, 524 So.2d 626 (Ala.1988); Ford Insurance & Real Estate Co. v. Thrasher, 45 Ala.App. 592, 234 So.2d 590 (Ala.Civ.App.1970).
The defendants argue that Holt has failed to prove each of the required elements, and finding no lack of probable cause or malice, we reverse and remand.
A party has probable cause to commence a civil action when persons of reasonable prudence would honestly believe that the claims put forth would prevail. This belief must be based upon facts and *817 circumstances which are sufficiently strong in themselves to warrant a prudent person to reasonably believe that there is a reasonable possibility that he will win. Empiregas, Inc., 524 So.2d 626; Booker v. Turberville, 500 So.2d 1108 (Ala.Civ.App.1986).
Pursuant to the union rules, Holt was “automatically suspended” from the union in August 1985 because he failed to pay dues and other assessments for the preceding six months. In October 1985 Holt went to the union and attempted to be reinstated. At this time Holt filled out a form for reinstatement and paid $255, representing the delinquent dues and assessments. Holt did not pay a “reinstatement fee” because the amount would have to be determined by the board of the union, which met on a monthly basis. (Holt had been reinstated once before and was aware that the reinstatement fee would be between $500-$800.) Part of the reinstatement form contained a forfeiture proviso which stated that, if all fees were not paid within six months, the amounts already paid would be forfeited. In June 1987 Sud-dith, as business agent, filed suit against Holt on behalf of the union to collect the delinquent reinstatement fee, dues, and assessments. Suddith testified that on the same day, he filed similar suits against other union members to collect similar delinquencies. Suddith stated that he had no “quarrel” with Holt and that the collection of these amounts was necessary to the financial soundness of the union. In light of this, we find that the union did have probable cause to institute the district court proceedings against Holt. Further, after careful review of the record, we are unable to find any evidence of malice on the part of the defendants.
In view of the above, this cause is due to be reversed and remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
INGRAM, P.J., and ROBERTSON, J., concur.