**In re Dennis Lee GIBSON & Carla Sue Gibson, Debtors.**

**SEARS CONSUMER FINANCIAL CORPORATION, Plaintiff,**

v.

**Dennis Lee GIBSON & Carla Sue Gibson a/k/a Carla Lewellen Gibson, Defendants.**

**Bankruptcy No. 90–20823–C.**

**Adv. No. 91–2010–C.**

United States Bankruptcy Court, W.D. Missouri, C.D.

Aug. 2, 1991.

Mark J. Schultz, Kansas City, Mo., for plaintiff.

Faye M. Coultas, Osage Beach, Mo., for debtors/defendants.

MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

Debtors Dennis L. and Carla S. Gibson filed their petition for relief under Chapter 7. Sears Consumer Financial Corporation filed its complaint in this adversary action on March 5, 1991. Debtors filed a Motion To Dismiss, alleging that the complaint was filed out of time. However, a review of the file indicates that the original FJC/BANCAP 3320 trn 341 Notice was issued on December 12, 1990, setting the Section 341 Meeting on January 4, 1991, and the Filing Deadline for Section 523(c) complaints at March 5, 1991. Debtors' Motion To Dismiss is, therefore, DENIED.

Sears' complaint is based on alleged violations of 11 U.S.C. Section 523(a)(4) and (6). While Sears may have established a cause of action under 11 U.S.C. Section 523(a)(2)(A) or even 11 U.S.C. Section 523(a)(2)(B), and while the Court condemns the actions of the debtor, which the Court finds most reprehensible, the plaintiff in an adversary action must prove the elements of the complaint he has pleaded.

11 U.S.C. Section 523(a)(4) provides, in pertinent part, as follows:

"A discharge under section 727 ... does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;"

Sears obviously was pursuing the issue of fraud or defalcation while acting in a fiduciary capacity, since neither embezzlement nor larceny was suggested. For the purpose of discussion, the Court will assume that all elements of fraud or defalcation were proven. This leaves then the element of "while acting in a fiduciary capacity". Sears provided no evidence to establish a fiduciary capacity. King, Collier on Bankruptcy, 15th Ed. Vol. 3, pg. 523–106, has a very terse paragraph with citations to dozens of cases. For brevity only the paragraph will be quoted:

"The qualification that the debtor be acting in a fiduciary capacity has consistently, since its appearance in the Act of 1841, been limited in its application to what may be described as technical or express trusts, and not to trusts ex maleficio that may be imposed because of the very act of wrongdoing out of which the contested debt arose. There is no reason to believe that section 523(a)(4) will be construed otherwise. Thus, unless there be some additional fact, section 523(a)(4), insofar as it relates to a debtor acting in a fiduciary capacity does not apply to fraud of agents, bailees, brokers, factors, partners, and other persons similarly situated. Also, the commonplace frauds of the ordinary debtor in disposing of his property so as to hinder, delay or defraud his creditors are not within clause (4)".

Since Sears produced no evidence of debtor being in a fiduciary capacity, its complaint under Section 523(a)(4) must be DENIED.

█ Now as to the complaint of Sears under 11 U.S.C. Section 523(a)(6). Plaintiffs under that subsection face a very substantial (sometimes insurmountable) barrier in the quantum of proof required, within the Eighth Circuit, to sustain their complaint.

The gravamen of Sears' complaint is that in some way debtors got titles issued that did not reflect the lien of Sears and then accomplished a conversion of the collateral that Sears was using to secure its debt. The case of *In re Long*, 774 F.2d 875 (8th Cir.1985) is based on comparable facts. There the president and owner of the company diverted account receivable payments from the secured party's lock box account into another bank account and used the proceeds. The Eighth Circuit held that the mere conversion did not constitute willful and malicious injury to the secured party. The same reasoning would apply in this case. There was no showing that debtor possessed a malicious intent to cause injury to Sears. Also for a comparable situation the facts in *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934) where debtor sold a mortgaged car are instructive. There the Supreme Court held that the mere conversion, absent "aggravated features" did not render the thus unsecured debt nondischargeable. Admittedly, most circuits have not adopted so restrictive an interpretation of 11 U.S.C. Section 523(a)(6). However, the Eighth Circuit has adopted such and this Court is bound by its announced interpretation.

Finally, Sears produced no evidence that indicated that Carla Sue Gibson had participated in any of the complained of acts. Apparently what was done was done by Dennis Lee Gibson. For all of the foregoing reasons the complaint against defendants/debtors is DENIED.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.