In re Merritt G. GEER, Debtor.

Richard L. BYBEE, Plaintiff,

v.

Merritt G. GEER, Defendant.

Bankruptcy No. 91–40784.
Adv. No. 91–4162.

United States Bankruptcy Court,
W.D. Missouri.

Dec. 17, 1991.

John A. Biagioli, James, Lund, Biagioli & Sperry, Independence, Mo., for plaintiff.

Charles E. Weedman, Jr., Crouch, Spangler & Douglas, Harrisonville, Mo., for defendant.

## MEMORANDUM ORDER AND OPINION

KAREN M. SEE, Bankruptcy Judge.

Plaintiff filed this action pursuant to 11 U.S.C. § 523, alleging that his debt is excepted from discharge. The court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334.

The issue is whether a debt resulting from a state court judgment for conversion is dischargeable in this Chapter 7 bankruptcy. The court finds that plaintiff did not establish a basis for nondischargeability under either § 523(a)(4) or (a)(6) and thus, plaintiff's judgment is dischargeable. Plaintiff's motion for summary judgment, which was taken up with the trial, is denied, and after trial, judgment is entered for debtor.

### I. FACTS

Plaintiff Richard Bybee and defendant/debtor Merritt Geer are former friends and business associates whose business relationship destroyed their friendship and resulted in this litigation.

In December, 1985, debtor entered into an oral agreement to work as business manager for plaintiff's business, Bybee Enterprises, a small business engaged in buying, refurbishing and reselling used trucks. Plaintiff and debtor had known each other for eight years before entering into the ill-fated business arrangement. Although the exact terms of debtor's employment are disputed, the evidence was that debtor was responsible for running the office and was brought into the business, at least in part, to use his personal credit to secure loans on

behalf of the financially-troubled Bybee Enterprises.

In late 1986 or early 1987, Bybee Enterprises was faced with insufficient cash flow to satisfy its tax liabilities. Debtor personally signed for a bank loan to the corporation and pledged a refurbished pickup truck allegedly owned by Bybee Enterprises as collateral. About the same time, a dispute arose between the parties concerning debtor's right to collect bonuses and commission from the profits of the business.

The dispute culminated in May, 1987 when debtor left his employment with Bybee Enterprises, taking with him the refurbished 1984 Chevrolet truck pledged as security for the bank loan. The truck was the property of Bybee Enterprises but had been titled in debtor's name for purposes of obtaining bank financing because of plaintiff's poor credit rating. At the time the truck was taken, debtor was personally liable on a note for $6,500 obtained on his signature for Bybee Enterprises and secured by the truck's certificate of title. Debtor refused to return the truck upon plaintiff's demand unless plaintiff paid off the note. Debtor eventually sold the truck for $6,500.

Plaintiff, in the name of Bybee Enterprises, Inc., filed an action for conversion in the Circuit Court of Jackson County, Missouri in September, 1990. Plaintiff's petition for conversion alleged that debtor deprived plaintiff of property by writing excessive commission checks, cashing checks payable to Bybee Enterprises for services rendered and appropriating the funds for his individual use, employing his wife at excessive salary to perform janitorial duties, and depriving plaintiff of the Chevrolet pickup truck. Debtor counterclaimed for breach of contract arising from non-payment of accrued commissions.

In October, 1990 a jury rendered a verdict in favor of Bybee Enterprises and against debtor for $13,292.39 in actual damages and $10,000 in punitive damages. Debtor filed a Chapter 7 bankruptcy case on March 18, 1991. Plaintiff filed this adversary action seeking to have the state court judgment excepted from discharge pursuant to 11 U.S.C. § 532(a)(4) or, alternatively, § 523(a)(6). At trial plaintiff filed a motion for summary judgment which was taken up with the trial. At trial the state court transcript and record, along with additional testimony, was presented.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Objections to Discharge

■ Statutory exceptions to discharge are narrowly construed. *In re Belfry*, 862 F.2d 661, 662 (8th Cir.1988). The party opposing discharge bears the burden of proving the debt falls within the statutory exception. *Matter of Schnitz*, 52 B.R. 951, 955 (W.D.Mo.1985). Plaintiff argues that the state court judgment for conversion is nondischargeable pursuant to either § 523(a)(4) or § 523(a)(6). Plaintiff argues that principles of collateral estoppel bar debtor from relitigating the findings of the jury in the dischargeability proceeding, citing *Grogan v. Garner*, —— U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755, (1991). This proposition will be addressed as it relates to §§ 523(a)(4) and (a)(6), respectively.

### B. § 523(a)(4) Fraud or Defalcation in Fiduciary Capacity, Embezzlement and Larceny

Plaintiff's complaint generally alleges that Debtor's actions are within the scope of § 523(a)(4). Section 523(a)(4) excepts from discharge any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. Plaintiff alleges that the state court judgment constitutes a final determination that debtor committed an act of conversion, fraud or embezzlement.

■ Collateral estoppel can, under appropriate circumstances, be applicable to dischargeability proceedings in bankruptcy court. *Grogan v. Garner*, —— U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). In order to assert collateral estoppel against debtor, plaintiff must show that: (1) the issues sought to be precluded are the same as in the prior action; (2) the issues were

actually litigated in the prior action; (3) the issues were determined by a valid and final judgment; and (4) the determination of the issues was essential to the prior judgment. *In re Miera*, 926 F.2d 741, 743 (8th Cir. 1991). Collateral estoppel bars relitigation of only those questions actually and necessarily decided in the prior suit. *In re Miera*, 104 B.R. 150, 156 (Bankr.D.Minn.1989), *aff'd*, 926 F.2d 741 (8th Cir.1991).

 cannot be collaterally estopped on the basis of embezzlement or larceny. Review of the record of the state court trial provided by plaintiff indicates that plaintiff's petition stated a claim only for conversion. A judgment for conversion was entered against debtor. Embezzlement and larceny were not actually litigated in the state court and were not essential to the judgment entered for conversion.

The court finds that the evidence presented at the hearing does not rise to the level of embezzlement or larceny. Plaintiff did not allege any acts of larceny by Debtor in the adversary complaint. Embezzlement, for purposes of § 523(a)(4), is the "fraudulent appropriation of property of another by a person to whom such property has been entrusted or into whose hands it has lawfully come." *In re Belfry*, 862 F.2d 661, 662 (8th Cir.1988). Plaintiff must prove that debtor had a fraudulent intent. Plaintiff must also prove that debtor was not lawfully entitled to use the funds for the purposes for which they were used. *Id.* The evidence presented shows that debtor was entitled to commissions and bonuses, was authorized to hire a cleaning person, and could obtain loans for the business. Plaintiff has failed to meet his burden of proof for an exception to discharge under § 523(a)(4) based upon embezzlement.

The only possible basis for the court to apply collateral estoppel to plaintiff's action under § 523(a)(4) is "fraud or defalcation while acting in a fiduciary capacity." The court finds that fraud or defalcation were not issues before the jury and were not litigated in the previous lawsuit for conversion. Collateral estoppel is inapplicable to Plaintiff's claim of fraud or defalcation.

██ ██ threshold question presented in a nondischargeability complaint under § 523(a)(4) for fraud or defalcation is whether a fiduciary relationship existed between Plaintiff and Debtor. Plaintiff fails to meet his burden of proof under § 523(a)(4) because the evidence is insufficient to establish that a fiduciary relationship existed between plaintiff and debtor during his employment at Bybee Enterprises. The court looks to federal law to define the phrase "fiduciary capacity." *Matter of Burgess*, 106 B.R. 612, 619 (Bankr. D.Neb.1989). The term "fiduciary" is narrowly construed in bankruptcy. *In re Long*, 774 F.2d 875, 878 (8th Cir.1985); *Matter of Schnitz*, 52 B.R. 951, 955 (W.D.Mo.1985); *In re Bundy*, 95 B.R. 1004, 1013 (Bankr.W.D.Mo.1989). Constructive or implied trusts are not the types of fiduciary relationships contemplated under the Code. *In re Littell*, 109 B.R. 874, 880 (Bankr.N.D.Ind.1989). An express or technical trust is required to establish a fiduciary relationship under the statute. *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 333, 55 S.Ct. 151, 153, 79 L.Ed. 393 (1934); *In re Bundy*, 95 B.R. 1004, 1013 (Bankr. W.D.Mo.1989); *Matter of Adams*, 24 B.R. 252, 254 (Bankr.W.D.Mo.1982). A fiduciary relationship may arise also by operation of a state statute that imposes trust-like obligations on certain types of individuals. *Matter of Schnitz*, 52 B.R. 951.

[5] commercial relationships are excluded from the reach of § 523(a)(4). *In re Littell*, 109 B.R. at 955. The court will not imply a fiduciary relationship merely from the existence of a contract between the parties. *In re Long*, 774 F.2d at 879; *Matter of Adams*, 24 B.R. at 254. An agent may be a fiduciary if there is an agreement creating fiduciary duties in addition to the agency arrangement. *Id.* A business partnership does not give rise to the type of trust required under § 523(a)(4). *In re Bundy*, 95 B.R. 1004, 1013 (Bankr.W.D.Mo.1989). There is no fiduciary relationship between a managing partner and the other members of the part-

nership. *Hardesty v. Johnson*, 126 B.R. 343, 346 (E.D.Mo.1991). A mere promise to hold money does not give rise to a fiduciary relationship. *In re Marshall*, 24 B.R. 105, 107 (Bankr.W.D.Mo.1982).

Upon review of the state court transcript, the court is unable to find evidence that debtor's fiduciary status was actually litigated in the conversion action, or that the determination of a fiduciary relationship was essential to either the judgment for conversion or the award of punitive damages. Plaintiff cannot rely on principles of collateral estoppel to establish that debtor was acting in a fiduciary capacity in his dealings with plaintiff. Furthermore, plaintiff did not submit any additional evidence at trial to support a finding of a fiduciary relationship within the meaning of § 523(a)(4). The oral employment agreement that debtor would manage plaintiff's business affairs is inadequate to establish a fiduciary relationship under § 523(a)(4) or to create an express trust. Therefore, the court need not reach the question of whether Debtor's conduct constituted defalcation.

### C. § 523(a)(6) Willful and Malicious Injury

Plaintiff alternatively relies on the exception to discharge under § 523(a)(6) for "willful and malicious injury by the debtor to another entity or to the property of another entity." Plaintiff moved for summary judgment, arguing that because a valid and enforceable judgment was entered against debtor for conversion, debtor is collaterally estopped from contesting whether the conversion was willful and malicious under § 523(a)(6).

■ Plaintiff relies on the punitive damage instruction submitted to the jury in the conversion action, but debtor argues that it provides no basis for collateral estoppel on the issue of malice. Debtor argues that the question of willful and malicious injury was not submitted to the jury and further, that willful and malicious injury does not necessarily follow from every act of conversion.

The following language of the jury instruction is critical to the dispute:

If you find the issues in favor of plaintiff, and if you believe the conduct of the defendant as submitted ... was outrageous because of the defendant's evil motive *or reckless indifference to the rights of others,* then ... you may award plaintiff an additional amount as punitive damages.... (emphasis added.)

The jury assessed $10,000 punitive damages against debtor based on the above instruction. The court is unable to determine from the text of the instruction whether the jury based the punitive damages on evil motive or reckless indifference. The distinction is important because more than recklessness is required for an exception under § 523(a)(6). Plaintiff failed to direct the court to any portion of the trial transcript that would show an evil motive on the part of debtor. Therefore, plaintiff cannot rely upon principles of collateral estoppel to prove that the conversion constitutes "willful and malicious injury" under § 523(a)(6). The court must make its own inquiry into debtor's intent based on the evidence presented in the adversary proceeding. *In re Held*, 734 F.2d 628, 629 (11th Cir.1984). Determination of a party's intent is a question of fact. *In re Phillips*, 882 F.2d 302, 305 (8th Cir.1989).

Under Missouri law, conversion is the unauthorized assumption of the right of ownership over the personal property of another to the exclusion of the owner's rights. *Emerick v. Mutual Benefit Life Ins. Co.*, 756 S.W.2d 513, 523 (Mo. banc 1988). In the present case, in reaching its verdict against debtor the jury found that: 1) plaintiff was the owner of the money and property; 2) debtor took possession of the money and property with the intent to exercise some control over it; and 3) debtor deprived plaintiff of the right to possession of the money and property.

■ Under Missouri law, money cannot be the subject of an action for conversion unless it represents the proceeds from a specific fund payable for a specific purpose. *See, Emerick v. Mutual Benefit Life Ins. Co.*, 756 S.W.2d 513, 523 (Mo. banc 1988); *Dillard v. Payne*, 615 S.W.2d

53, 55 (Mo.1981); *American Nursing Resources, Inc. v. Forrest T. Jones & Co., Inc.*, 812 S.W.2d 790, 799 (Mo.App.1991); *Ottawa Charter Bus Service, Inc. v. Mollet*, 790 S.W.2d 480, 484 (Mo.App.1990). The state court judgment is problematic because it was based, in part, on evidence of acts of conversion involving money from Bybee Enterprises' business account. Those acts included debtor writing excessive commission checks to himself and paying wages of $330 to his wife. The court notes that debtor was authorized to hire a cleaning person and that his wife rendered actual services to Bybee Enterprises in consideration for the $330. To the extent the judgment is based upon debtor's conversion of money generally, it appears to be contrary to Missouri law. An exception to discharge based on willful or malicious injury to property or for conversion can not be maintained as it relates to monies. *In re Welden*, 98 B.R. 590, 595 (Bankr. M.D.Fla.1989).

The court now turns to the consideration of whether debtor's conduct was willful and malicious under § 523(a)(6) as a matter of federal law. A technical conversion does not satisfy the intent requirements of § 523(a)(6). *In re Beasely*, 62 B.R. 653, 655 (Bankr.W.D.Mo.1986). The terms "willful and malicious," while often used together, are construed as having separate and independent legal characteristics. *In re Miera*, 926 F.2d 741, 743 (8th Cir.1991); *In re Long*, 774 F.2d 875, 880–81 (8th Cir. 1985). The term "willful" means intentional or deliberate. *Id.* at 880. Willful conduct is also described by the phrase headstrong and knowing. *Id.* The term "malicious" describes "conduct more culpable than that which is in reckless disregard of creditors' economic interests and expectancies." *Id.* The conduct must not only be substantially certain to cause harm, it must be targeted at the creditor. *In re Miera*, 926 F.2d at 744; *In re Long*, 774 F.2d 875, 881. The court may ascertain malice from circumstantial evidence of debtor's state of mind. *In re Miera*, 926 F.2d at 744. A change of the certificate of title, unless done willfully and maliciously, is not grounds for denying discharge under

§ 523(a)(6). *In re Gibson*, 129 B.R. 612, 613 (Bankr.W.D.Mo.1991).

Before denying debtor a fresh start by denying discharge of a debt, the court must be satisfied that plaintiff has satisfactorily established a basis for nondischargeability under § 523. After review of the state court record and the additional evidence presented in the bankruptcy court proceeding, this court concludes that the necessary showing of a willful and malicious conversion was not presented. The evidence presented by plaintiff does not demonstrate that debtor's conduct was targeted at the creditor. Rather, it demonstrates a business dispute. Debtor believed, although mistakenly, that the bonus checks and commissions were rightfully owed to him under his employment contract. As to the converted 1984 pickup truck, the court finds the undisputed evidence to be that debtor was brought in to manage Bybee Enterprises, in part, because plaintiff was unable to secure credit in his own name. Although the parties disagree as to the particulars which resulted in titling the truck in debtor's name, it is undisputed that the truck title was used as security in two separate loans, that debtor incurred the loans in his own name for the purpose of benefiting the business, and that the proceeds borrowed in these transactions were in both cases deposited into the Bybee Enterprises account. There is no evidence that debtor intended to injure plaintiff by depriving him of his property at the time the bonus checks were written. Likewise, there is little evidence to indicate that debtor deliberately and maliciously exceeded his authority with respect to the loan transactions.

The court does not find that debtor's actions were done maliciously as required by § 523(a)(6). Plaintiff failed to satisfy his burden of proof as to the existence of malice. The evidence indicates the acts constituting the conversion were more the product of a serious and legitimate business dispute over the terms of debtor's oral employment contract, the scope of his authority to act on behalf of Bybee Enterpris-

es, and debtor's personal liability for the company's debt on the 1984 pickup.

There is little or no evidence to suggest that debtor undertook any of these actions with an intent to harm his former friend and business associate. Debtor's refusal to return the pickup truck on demand appears to be an effort to discharge his personal liability on the note rather than an attempt to harm plaintiff. The evidence presented at the state court trial and at the bankruptcy trial indicates that debtor offered to return the truck to plaintiff in exchange for cash sufficient to repay the loan. It was only after plaintiff was unable to pay that debtor sold the truck for an amount equal to the balance on the note. While the court does not condone debtor's conduct, the evidence tends to show that at most, debtor acted with reckless disregard of plaintiff's legal rights as opposed to with evil motive.

The finding of recklessness is supported by statements of plaintiff's counsel during the state court trial. At trial counsel introduced evidence regarding IRS penalties assessed on Bybee Enterprises allegedly arising from debtor's failure to pay the company's taxes. When debtor's counsel objected to the relevancy of this evidence, plaintiff's counsel explained his purpose:

> Your Honor, this goes to the punitive damages claim in regard to *showing the reckless disregard Mr. Geer had* for the company to payment of penalties ... we are attempting *to use this evidence to show his reckless disregard* for the company, and in fact his motive in having to obtain loans for payment of taxes.

The trial judge overruled debtor's objection based on relevance of the evidence to the punitive damage claim.

Furthermore, plaintiff's use of the disjunctive "or" in the punitive damage instruction provides little guidance to the court on the evidence of intent produced at trial. As previously discussed, the jury's award of punitive damages could have been based on a finding of either debtor's evil motive or reckless indifference to plaintiff's property rights. Plaintiff has not produced sufficient evidence to satisfy the requirement of a malicious act under § 523(a)(6).

## III. CONCLUSION

Plaintiff failed to meet his burden of proof under either 11 U.S.C. § 523(a)(4) or (a)(6) to demonstrate that debtor's debt to plaintiff arising from the judgment for conversion should be excepted from discharge. Accordingly, it is hereby

ORDERED that debtor's obligation to plaintiff arising from the state court judgment is discharged.