**In re John T. CARROLL, Debtor.**

**Charles J. HOFF, Plaintiff,**

**v.**

**John T. CARROLL, Defendant.**

**Bankruptcy No. 91–10109–WCH.
Adv. No. 91–1306.**

United States Bankruptcy Court,
D. Massachusetts.

May 14, 1992.

*See Daviau v. Daviau (In re Daviau)*, 16 B.R. 421, 424 (Bankr.D.Mass.1982).

**314**

David C. McBride, Madigan & McBride, Danvers, Mass., for plaintiff.

James C. Gross, Klieman, Lyons, Schindler, Gross & Pabian, Boston, Mass., for defendant/debtor.

## MEMORANDUM DECISION REGARDING DISCHARGEABILITY OF A DEBT PURSUANT TO 11 U.S.C. § 523(a)(4)

WILLIAM C. HILLMAN, Bankruptcy Judge.

The Plaintiff, Charles J. Hoff ("Hoff") requests that this Court except from discharge a debt that allegedly arose from the fraud or defalcation of the Defendant, John F. Carroll ("Carroll") while he was acting in a fiduciary capacity. Carroll disputes the existence of either a debt or a fiduciary relationship between the parties.

### Background

In 1989, Carroll was an partner at the law firm of Rackemann, Sawyer & Brewster, P.C. ("RSB"). Carroll and RSB represented the Whitty Group and in January of 1989, negotiated and executed a settlement agreement ("Agreement") between the Whitty Group and Hoff. As part of the Agreement, Carroll signed an Acknowledgement stating that RSB was holding $675,000.00 for the purpose of satisfying certain obligations under the Settlement Agreement. *See* Agreement, Exhibit I.[1]

---

1. The Agreement further states that "such funds    shall be released only in performance of the

Carroll signed the acknowledgement as the "Duly Authorized Representative" of RSB.

Pursuant to the Agreement, in April of 1989 Hoff requested that Carroll release the $675,000. Carroll refused. Hoff continued to request the money for the next six months and Carroll continued to refuse. In October of 1989, Carroll informed Hoff that the money was not being held pursuant to Exhibit I and, in fact, had never been so held. According to Carroll, the Whitty Group periodically directed Carroll to disburse funds from the client account to satisfy certain mechanics' liens asserted against property owned by the Whitty Group.

### Discussion

For a debt to be exempt from discharge under 11 U.S.C. § 523(a)(4), Hoff must show that the debt at issue was incurred through "fraud or defalcation while acting in a fiduciary capacity." *Id.* Hoff must show this by a preponderance of the evidence. *Grogan v. Garner*, —— U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

■ The threshold question for the Court is whether Carroll was acting in a fiduciary capacity. Fiduciary is generally defined according to federal law. *Bybee v. Geer (In re Geer)*, 137 B.R. 37, 40 (Bankr. W.D.Mo.1991). State law may, however, be relevant. *In re Synder*, 101 B.R. 822, 831 (Bankr.D.Mass.1989). In the context of § 523(a)(4), fiduciary capacity is generally applicable only to express and technical trusts as opposed to ones created due to inequitable conduct. *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934).

■ Exhibit I of the Agreement, signed by Carroll, acknowledged that RSB was holding funds of the Whitty Group for a particular purpose and that such funds were to be released only upon the happening of a certain event. The First Circuit Court of Appeals has held that such an arrangement constitutes an escrow agreement. *Gulf Petroleum S.A. v. Collazo*,

316 F.2d 257, 261 (1st Cir.1963). The Supreme Judicial Court similarly holds. *Childs v. Harbor Lounge of Lynn Inc.*, 357 Mass. 33, 255 N.E.2d 606, 608 (1970). The first circuit has also held that the escrow agent, the recipient of funds, assumes a fiduciary duty. *Gulf Petroleum*, 316 F.2d at 261. *Accord, Research–Planning Inc. v. Segal (In re First Capital Mortg. Loan Corp.)*, 917 F.2d 424, 427 (10th Cir.1990); *Stone v. Feldman (In re Feldman)*, 111 B.R. 481, 486 (Bankr. E.D.Pa.1990).

Based on the aforementioned authorities, this Court finds that Exhibit I of the Agreement constitutes an escrow agreement and that the recipients of the money owed a fiduciary duty to the parties to the escrow. *Schoepe v. Zions First National Bank*, 750 F.Supp. 1084 (D.Utah 1990); *Arzt v. Rozzie Liquors (In re 2903 Wines & Spirit Inc.)*, 45 B.R. 1003 (Bankr. S.D.N.Y.1984). The escrow agreement creates an express trust and the Court finds that RSB was acting in a fiduciary capacity for the purposes of 11 U.S.C. § 523(a)(4).

■ The question that flows from this conclusion is whether Carroll ever acted in a fiduciary capacity. There is not a wealth of authority on the issue of derivative fiduciary status. In *American Savings & Loan Ass'n v. Weber (In re Weber)*, 99 B.R. 1001 (Bankr.C.D.Utah 1989), the Court found such a status. The court held that a debtor-in-possession owes a fiduciary duty to all of the estate's claimholders. *Id.* at 1009. The debtor-in-possession was a closed corporation controlled entirely by the 100% shareholder, Jack Weber. *Id.* at 1011. The court held that, because the actions of the debtor-in-possession were the actions of the individual, the fiduciary responsibility ran from the corporation to the principal. *Id.*, 99 B.R. at 1012.

In this case, Carroll, a partner at RSB, was RSB for the purpose of this transaction. He represented the Whitty Group in the negotiation and execution of the Agreement. He signed the escrow agreement as the duly authorized representative of RSB.

---

Settlement Agreement, except that such funds may be released in order to pay back the Fleet

Line ... upon demand by Fleet National Bank of the Whitty Group."

He asserted in the escrow agreement that the funds were placed in an account, knowing at the time that this was an incorrect representation. For six months after demand was made, Carroll refused to release the escrowed funds. In October of 1989, he revealed that there were no escrowed funds. In the stipulated facts, Carroll states that he made disbursements from the funds held in the account to satisfy certain mechanics' lien asserted against property of the Whitty Group.

On these facts, the Court that finds that Carroll was solely responsible for creation and maintenance of the escrow agreement. This control is substantially similar to that which the principal had in *Weber*. The Court concludes that based on *Weber* the facts warrant a finding of derivative fiduciary status. The Court therefore finds that Carroll owed the parties to the escrow agreement a fiduciary duty.

The Court must then turn to the issue of whether the acts of Carroll constituted fraud or defalcation. This district has adopted the following definition of defalcation offered by Judge Hand in *Central Hanover Bank & Trust Co. v. Herbst*, 93 F.2d 510, 512 (2d Cir.1937):

> All we decide is that when a fiduciary takes money upon a conditional authority which may be invoked and knows at the time it may, he is guilty of a "defalcation" though it may not be a "fraud," or an "embezzlement," or perhaps not even a "misappropriation."

*Kwiat v. Doucette (In re Kwiat)*, 81 B.R. 184 (D.C.Mass.1987).

 Essentially, defalcation involves the failure to account for money or property held in a fiduciary capacity. *Weber, supra.* at 1012. It does not require the showing of an intentional wrongdoing. *Compugraphic Corp. v. Golden (In re Golden)*, 54 B.R. 957, 964 (Bankr.D.Mass.1985); *Bellity v. Wolfington (In re Wolfington)*, 48 B.R. 920, 923 (Bankr.E.D.Pa.1985). It may be the result of negligence or ignorance. *La-*

*Pointe v. Brown (In re Brown)*, 131 B.R. 900 (Bankr.D.Me.1991).

Exhibit I states that RSB was holding money in an escrow agreement. When Hoff requested the money, Carroll stated that the money was not in the account and had never been held in an account. Carroll, in fact, applied the money contrary to the terms of the escrow agreement. Carroll failed to account for money that he held in a fiduciary capacity. The Court finds that Carroll is liable for his defalcation while acting in a fiduciary capacity.[2] Accordingly, the Court concludes that the debt of Hoff should be excepted from Carroll's discharge under 11 U.S.C. § 523(a)(4).

---

**2.** Based on this finding, it is unnecessary for the Court to examine the issue of fraud under 11