The plaintiff appeals from a summary judgment in favor of the defendants in her action alleging malicious prosecution. We affirm.
Thelma Walker and her husband were divorced in 1987. The final judgment of divorce required the husband to pay the outstanding balance owed on a joint credit card account with First Alabama Bank. He paid the balance due and requested that Ms. Walker's name be removed from the account. First Alabama Bank did not comply with this request, and Ms. Walker's name remained on the account; however, replacement cards and billing statements were sent only to the husband.
Subsequently, the husband accrued another balance on the same credit card account and became delinquent in his repayment of the debt. In April 1990, First Alabama Bank contacted Ms. Walker to request payment and, according to Ms. Walker, she told the First Alabama employee that she was not obligated to repay any amount due on the account because she had not incurred any of the charges due and because she was no longer a party obligated to pay the account. Ms. Walker also claims that, during this conversation, she requested that she be given copies of the "charge slips" upon which the delinquent account balance was based.
First Alabama Bank employed the law firm of Sirote Permutt to collect the *Page 1168 
balance on the husband's account. During the summer of 1990, that firm filed separate actions against Ms. Walker and her former husband, both actions seeking payment of the balance on the credit card account. The former husband consented to a judgment against him and arranged to pay the full amount due on the credit card account. Ms. Walker was served with an alias summons and a complaint in March 1991, and she answered and counterclaimed against the bank, alleging that the bank obtained her credit report under false pretenses. The court entered a judgment in favor of Ms. Walker on July 31, 1991, on the complaint and on her counterclaim.
On March 22, 1991, Ms. Walker filed this action against Stephen Windom, the lawyer who had handled the action for the bank, and against the law firm, alleging "fraud, attempted extortion, and malicious harassment." On August 19, 1991, she amended her complaint to state a claim of malicious prosecution. The defendants moved for a summary judgment on September 13, 1991. After numerous pleadings had been filed and three evidentiary hearings had been held, the trial court ordered, on September 25, 1991, that no further pleadings were to be submitted and that no further hearings would be held.
On November 15, 1991, Ms. Walker filed an "amended complaint," seeking to add a claim of "obtaining a consumer credit report under false pretenses." The trial court entered a final summary judgment for the defendants; Ms. Walker's motion to vacate that judgment was denied by operation of law pursuant to Rule 59.1, A.R.Civ.P. This appeal followed.
Maharry v. City of Gadsden, 587 So.2d 966 (Ala. 1991), compels affirmance. Our review convinces us that there was no dispute as to any material fact and that, under the evidence before the trial court, the defendants were entitled to a judgment; thus, their summary judgment is due to be affirmed.
Ms. Walker's theory of the case is two-pronged. She alleges that the individual defendant and the law firm 1) violated various provisions of 15 U.S.C. § 1601 et seq., the Federal Consumer Credit Protection Act ("the Act"); and 2) engaged in conduct amounting to common law malicious prosecution.
With respect to Ms. Walker's first allegation, we find that, although certain duties owed Ms. Walker under the Act may have been breached, the obligation to perform those duties was not upon these defendants. By statute, it is the creditor
(in this case the bank) who must comply with the Act's requirements, not a third party (such as these defendants). See15 U.S.C. § 1666; and Redic v. Gary H. Watts RealtyCo., 762 F.2d 1181 (4th Cir. 1985). Therefore, because these defendants are clearly not creditors of Ms. Walker or of her former husband, they can not be held liable for a violation of the Act.
Whether the evidence presented by Ms. Walker in support of this prong of her argument would be sufficient to hold the bank liable for violations of the Act we need not decide. The bank is not a party to this action. We do find, however, that the evidence is not sufficient to hold these defendants liable for violations of the Act; therefore, the trial court correctly entered the summary judgment with regard to the claim based on the Act.
Turning to the second prong of Ms. Walker's theory, we hold that the defendants' conduct here does not meet the requirements of a malicious prosecution claim; therefore, the trial court correctly entered the summary judgment as to Ms. Walker's malicious prosecution claim. This Court has held:
 " 'For the trial court to have erred in granting summary judgment for [the defendant] on the malicious prosecution count, there must have been some direct or circumstantial evidence from which the trier of fact could reasonably infer each of the following elements, which [compose] a cause of action for malicious prosecution: (1) that a judicial proceeding was initiated by [the defendant] against [the plaintiff], (2) that the judicial proceeding was instituted without probable cause, (3) that the [proceeding was] instituted by [the defendant] maliciously, (4) that the judicial proceeding had been *Page 1169 
terminated in favor of [the plaintiff], and (5) that [the plaintiff] suffered damage as a proximate cause of the judicial proceeding.' "
Skinner v. Etheridge, 564 So.2d 902, 903 (Ala. 1990) (quoting Smith v. Wendy's of the South, Inc.,503 So.2d 843, 844 (Ala. 1987)).
We need not discuss here each element of a malicious prosecution cause of action, because no reading of the evidence before the trial court yields any inference to support the element of "malice." We acknowledge that the element of malice in a malicious prosecution claim need not be proved by direct evidence but may inferred from the totality of the evidence presented. National Security Fire Cas. Co. v. Bowen,447 So.2d 133 (Ala. 1983). However, the factfinder may not infer the element of malice in considering a malicious prosecution claim where, as here, there is no evidence to support such an inference.
Having reviewed the evidence that was before the trial court; having found no evidence to create a genuine issue of material fact; and having thus concluded that Ms. Walker's claims are not supported by the evidence of record, we affirm the defendants' summary judgment.
This opinion was prepared by retired Justice RICHARD L. JONES, sitting as a Justice of this Court pursuant to §12-18-10(e), Ala. Code 1975, and his opinion is hereby adopted as that of the Court.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.