In the Matter of Tammy Sue **MARTIN,** Debtor.

Opal Jean **BURGESS** f/k/a Opal Jean Smithey, Plaintiff,

v.

Tammy Sue **MARTIN,** Defendant.

Bankruptcy No. 93–81751.
Adv. No. 93–80157.

United States Bankruptcy Court, N.D. Alabama, Northern Division.

Aug. 9, 1994.

---

Curtis Whitmore, Curtis Whitmore, P.C., Huntsville, AL, for plaintiff Opal Jean Burgess.

John Larsen, Bonds, Botes, Sykstus & Larsen, P.C., Huntsville, AL, for defendant/debtor Tammy Sue Martin.

## MEMORANDUM OPINION

JACK CADDELL, Bankruptcy Judge.

This matter is before the Court on a complaint filed by the plaintiff, Opal Jean Burgess, seeking the Court to determine that a debt owed to her by the defendant, Tammy Sue Martin, is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6). The trial in this matter was held on the 26th day of July, 1994.

From the evidence presented, the Court makes the following findings of fact. The defendant, Tammy Sue Martin, on or about April 5, 1992, caused the plaintiff, now known as Opal Jean Burgess, to be arrested on a charge of criminal mischief in the third degree. The warrant alleged that Ms. Burgess slashed the tires of the vehicle owned by Ms. Martin. At the trial of that case, the prosecuting witness, Ms. Martin, failed to appear and the case was dismissed.

Subsequently, Ms. Burgess filed a civil action in the Circuit Court of Madison County, Alabama against Tammy Sue Martin, CV92–932J, alleging malicious prosecution. The sheriff's sworn statement on the complaint indicates that Ms. Martin was served with the summons and complaint on June 1, 1992.

Trial was set on September 21, 1992 on the complaint of malicious prosecution, but the defendant did not appear. A default was entered, and the case was set for the purpose of determining damages. The plaintiff, Ms. Burgess, filed an affidavit in support of her claim for damages, which generally alleged that she was damaged as "a result of the malicious actions of the defendant."

The state court entered a default judgment on the malicious prosecution action in the amount of $5,400.00, which represents compensatory damages in the amount of $4,000.00, punitive damages in the amount of $1,000.00, and attorney's fees in the amount of $400.00. Shortly after the plaintiff, Ms. Burgess, attempted to execute on said judgment, the defendant filed for relief under Chapter 7 of the Bankruptcy Code. The present action filed by the plaintiff seeks to declare the debt arising out of the default judgment in the state court action nondischargeable pursuant to § 523(a)(6) of the Bankruptcy Code.

It is the plaintiff's position that the introduction of the state court default judgment for malicious prosecution establishes malicious conduct sufficient to warrant nondischargeability of the debt under § 523(a)(6). In effect, the plaintiff is relying on the doctrine of collateral estoppel by the state court proceedings to prove the requisites of her nondischargeability action.

The Eleventh Circuit Court of Appeals in *In re Ikner*, 883 F.2d 986 (11th Cir.1989) held that collateral estoppel did not apply because the record was not clear that the issues of willful and malicious conduct were either litigated or resolved in the state court litigation. In that case, the court held

"in the absence of specific findings of fact, it cannot be determined upon what basis of liability the Alabama judgment rests." Since wanton conduct seems to include an act done in reckless disregard of the rights of another, the judgment could have been based on such a finding, which is insufficient to except the debt from discharge under the Bankruptcy Code. "On the record as a whole, it is impossible to define whether the issue of willfulness or even maliciousness within the meaning of the Bankruptcy Code was litigated or determined by that court." *Id.* at 991.

In *In re Yanks*, 931 F.2d 42 (11th Cir. 1991), the court held that collateral estoppel was not applicable and due to the fact that the creditor had submitted no additional evidence, the court entered judgment for the debtor. The court concluded

The state court verdict does not make a finding of *willful and malicious conduct* on the part of the debtor, therefore, the state court judgment may have been based on a finding of reckless disregard for the truth. Reckless acts are insufficient to satisfy the test under 11 U.S.C. § 523(a)(6). Furthermore, an award of punitive damages is not evidence that the court's finding was based on willfulness or malice. Accordingly, the Court finds that the elements necessary to apply collateral estoppel have not been met by the creditor and, therefore, the doctrine of collateral estoppel will not be applied. *Id.* at 236.

In *Wheeler v. Laudani*, 783 F.2d 610 (6th Cir.1986), the Court reversed a summary judgment granted by the bankruptcy court finding that a genuine issue of material fact existed as to whether the state court's jury verdict rested on the finding that the debtor acted knowingly or merely recklessly in publishing the alleged false statements. The case was remanded with directions to the bankruptcy court to "obtain the entire trial record transcript and to review the record for a determination of whether the jury verdict and judgment encompassed a finding that the defendant acted willfully and maliciously in that he knew the published statements were false." p. 615.

In the case of *In re Geer*, 137 B.R. 37 (Bkrtcy.W.D.Mo.1991) the court held that an award of punitive damages should not be given collateral estoppel effect because the questions of willful and malicious injury were not submitted to the jury, and further, that willful and malicious injury does not necessarily follow from every act of conversion. In order for there to be malice, the court held that the debtors' actions must be intentional as distinguished from technical.

■ Under Alabama law, a party has probable cause for the filing of a civil action when he has a reasonable belief that he will prevail in the case, and that belief must be based upon facts and circumstances which are sufficiently strong in themselves to warrant a prudent person to reasonably believe that there is a reasonable possibility that he will win. *Booker v. Turberville*, 500 So.2d 1108 (Ala.Civ.App.1986). One element of malicious prosecution under Alabama law is that the proceeding must be instituted maliciously. *Walker v. Windom*, 612 So.2d 1167 (Ala. 1992), *cert. denied* —— U.S. ——, 113 S.Ct. 3039, 125 L.Ed.2d 726 (1993). In defining malice, the *Booker* case, supra, notes:

> Malice is the intentional doing of a wrongful act without just cause or excuse, either with an intent to injure the other party or under such circumstances that the law will imply an evil intent, which intent will be implied by the *reckless* [emphasis added] filing of a civil action without information which would lead a prudent person to a belief that there is a reasonable possibility that he will win. [*Citing Alabama Pattern Jury Instructions: Civil, charge 24.10 (1974)* ].

■ The evidence in support of the state court default judgment merely made the allegation that the defendant's acts were "malicious" in taking out the warrant. No additional facts were introduced either by exhibit or by the testimony of the plaintiff as to whether the acts of the defendant were done consciously and knowingly in the absence of just cause or excuse. *Booker* at 1110–1111.

After consideration of the state court pleadings, it is the opinion of this Court that the record shows that the issue of malicious prosecution was not fully litigated in the state court. There were no specific findings of willful or malicious conduct by the state court and it cannot be determined by this Court upon what basis of liability the judgment rests. The doctrine of collateral estoppel or issue preclusion cannot be applied in this matter because the state court action could have been predicated "under such circumstances that the law would imply an evil intent." *Booker* at 1110.

■ The Court shall now consider *de novo* whether or not the debt owed to the plaintiff by the defendant is nondischargeable pursuant to 11 U.S.C. § 523(a)(6). This section of the Bankruptcy Code exempts from discharge any debt which results from "willful and malicious" injury by the debtor to another entity or the property of another entity. The term "malicious", for purposes of denying the discharge of a debt, means a wrongful act done consciously and knowingly in the absence of just cause or excuse. *In re Bossard,* 74 B.R. 730 (Bkrtcy.N.D.N.Y.1987). The term "willful" means intentional or deliberate. *In re Hallahan,* 78 B.R. 547 (Bkrtcy. C.D.Ill.1987). Willful and malicious injury must be proven by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

The plaintiff testified in the instant case that she was charged with criminal mischief by Ms. Martin but that Ms. Martin did not appear at the criminal trial and that the case was dismissed. The plaintiff further testified that she had never seen the defendant Ms. Martin before in her life, but that she was aware of the fact that her then husband, Thomas Smithy, had apparently been seeing Ms. Martin while they were married. The plaintiff further testified that she did not slash the tires of the defendant.

The defendant testified that she witnessed the plaintiff slashing her tires. She further stated that she never received service of the summons and complaint in the state court action asserted against her for malicious prosecution.

After consideration of the evidence, it is the Court's conclusion that the plaintiff has failed to prove by a preponderance of the evidence that the actions of the defendant were willful, malicious or intentional. The indebtedness owed to the plaintiff by the defendant is dischargeable in bankruptcy.

An Order in accordance with this opinion will be entered.