RICHARD L. JONES, Retired Justice.
This appeal arises out of a malicious prosecution claim. In a prior action, Michael Medine (now a plaintiff) had prevailed, as a defendant, in a claim for overpayment of benefits for a job-related injury.
The trial court’s order in this case granting the defendants’ motion for summary judgment recites the following:
“STATEMENT OF THE CASE
“This suit for malicious prosecution of a civil action was filed January 20, 1994. The complaint seeks compensatory and punitive damages against a partnership of lawyers and against two individual attorneys formerly associated with the partnership.
“The plaintiffs aver that the defendants, representing USF & G, commenced a civil action against Michael Medine in the state district court for the recovery of money overpaid for a work-related injury [and for] punitive damages.
“The amount of [alleged] overpayment was $443.25. The action in district court sought recovery of $2,800 for compensatory and punitive damages. A summary judgment for the defendant was entered on April 15,1993.
“STATEMENT OF THE FACTS
“In the district court complaint, USF & G averred that Michael Medine received benefits for a compensable injury under the state workers’ compensation statute [Ala.Code 1975, § 25-5-1 et seq.]. While receiving these benefits, [USF & G] averred, [Medine] secured employment, but continued to draw compensation. The complaint averred the overpayment of compensation by mistake. The complaint averred fraudulent concealment by Medine for receiving workers’ compensation while gainfully employed.
“The benefits paid Medine were pursuant to a work-related injury [Medine suffered] while working in the engine room of a vessel under repair. The benefits were paid pursuant to the Longshore and Harbor Workers’ Compensation Act [33 U.S.C. § 901 et seq. (LHWCA)].
“[In] the action in the district court, Medine filed a motion for summary judgment on grounds that there can be no recoupment of any overpayment under this statute [the LHWCA].
*36 “On March 30, 1993, the defendants here [Miller, Hamilton, Snider & Odom, et al.] submitted a counter-affidavit stating the payments were made pursuant to the state workers’ compensation statute [Ala.Code 1975, § 25-5-1 et seq.].
“On April 13, 1993, USF & G, through the defendants here, consented to the motion of Medine for summary judgment, which was entered by the court on April 15,1993.
“FINDINGS OF FACT AND CONCLUSIONS OF LAW
“The defendants, at all times, were acting as attorneys for USF & G. This action is based upon pleadings contained in a complaint filed by the defendants on behalf of USF & G and the depositions of the defendants who were directly involved in the district court litigation.
“To recover, [Medine] must prove that the action by the defendants in the district court was maliciously prosecuted.
“JUDGMENT
“The court finds that the defendants, on behalf of USF & G, did not maliciously pursue the action for the recovery of any overpayment. They consented to an adverse judgment eighty-three days after the complaint was filed in the district court.
“Done, this the 1st day of July, 1994.
/§/_ “Dominick J. Matranga, Judge”
The record indicates that the defendants in the present action made a prima facie showing that in the earlier action they acted without the legal malice necessary to support a claim of malicious prosecution. While the trial court’s judgment states that “[t]he court finds that the defendants ... did not maliciously pursue” that earlier action, we understand the court to mean that the plaintiffs in the present action had failed to rebut the defendants’ prima facie showing with substantial evidence creating a genuine issue of material fact. See Rule 56, Ala.R.Civ.P. We agree. See Walker v. Windom, 612 So.2d 1167 (Ala.1992). The judgment is affirmed.
This opinion was prepared by retired Justice RICHARD L. JONES, sitting as a Justice of this Court pursuant to § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
MADDOX, SHORES, HOUSTON, INGRAM, COOK, and BUTTS, JJ., concur.