**In re David Lee SAIN, Debtor.**

**BANK OF FINDLAY, Plaintiff,**

v.

**David Lee SAIN, Defendant.**

**Bankruptcy No. 87–70114.
Adv. No. 87–7097.**

United States Bankruptcy Court,
C.D. Illinois.

May 11, 1988.

Rex Brown, Decatur, Ill., Attorney for defendant/debtor/David Lee Sain.

Donald E. Brilley, Decatur, Ill., for plaintiff/Bank of Findlay.

## OPINION

LARRY L. LESSEN, Chief Judge.

This matter is before the Court on the complaint of the Bank of Findlay to determine dischargeability of a debt pursuant to Sec. 523(a)(6) of the Bankruptcy Code. 11 U.S.C. Sec. 523(a)(6). A trial was held, revealing the following facts:

The Debtor, David Lee Sain, had an ongoing business relationship with the Bank for seven years, obtaining financing from them in connection with a car dealership the Debtor at one time owned. Typically, the Debtor's loans were secured by the vehicles he bought and sold in his business. Sometimes the Debtor applied the proceeds from sales to the Bank's notes, other times he did not. Both the Bank and the Debtor treated the security arrangement informally—although the Bank held the titles to some of the vehicles, it obtained a formal lien on only one occasion. The Debtor testified that he understood what it meant to grant a security interest, and that he knew such interests extended to proceeds of collateral.

On March 6, 1986, the Debtor executed a promissory note in favor of the Bank in the principal sum of $20,676.43. At that time, the Debtor's car dealership had failed and the Debtor was struggling to maintain a body shop business. The Bank, aware of the Debtor's financial difficulties, intended the six month note as an attempt at a work-out arrangement with the Debtor. All previous collateral having disappeared, the Bank accepted as collateral for the note a 1980 Chevy pickup truck the Debtor had bought for $2750 from a junkyard in 1982 and rebuilt. No certificate of title was available at the time except a salvage certificate. Greg Bohlen, the Senior Vice–President at the Bank testified that he directed the Debtor to sell the truck as soon as possible and apply the proceeds to the note. The Debtor maintained that Bohlen never indicated that he was to apply all of the proceeds to the note.

The Debtor did sell the truck, on April 24, 1986, for $5000. However, the only portion of the proceeds he applied to the note was one $284 payment.[1] The rest of the proceeds were used by the Debtor to reimburse his grandmother, to pay his attorney, to pay the Secretary of State and for business and living expenses.

The Debtor defaulted on the note by failing to repay it in full by September 3, 1986. He filed a Chapter 7 bankruptcy petition on January 26, 1987, at which time he owed $22,157.01 on the note, with interest accruing since then at a rate of $6.19 per day.

The Bank maintains that the Debtor's conduct in selling the truck, pledged as security for the Bank's note, and using the proceeds for his own devices constitutes conversion, rendering nondischargeable the debt owed the Bank, to the extent of the value of the collateral.

In order to prevail in its claim, the Bank must prove by clear and convincing evidence that the Debtor wilfully and maliciously injured or converted to his own use

---

**1.** The Debtor testified that he made two payments from the proceeds, but, as the Bank pointed out, one of these payments was made April 10, 1986, before the truck was sold. (See Plaintiff's Ex. 3 Note Envelope reflecting payments).

the Bank's property. 11 U.S.C. Sec. 523(a)(6). The term "willful" means "deliberate or intentional" and "malicious" means a wrongful act done consciously and knowingly without just cause or excuse. *In re Condict,* 71 B.R. 485, 487 (N.D.Ill. 1987). It is not necessary that the Debtor act with ill will or malevolent purpose toward the injured party. *In re Hallahan,* 78 B.R. 547, 550 (Bankr.C.D.Ill.1987). Thus, "a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a willful and malicious injury." 3 Collier on Bankruptcy, Sec. 523.16 at 523–128 (15th Ed.1983).

■ In the case at bar, the Debtor consciously and knowingly sold the truck he had pledged as collateral to the Bank. He distributed the proceeds according to his own discretion, allocating the Bank, to whom he owed in excess of $20,000, a meager $284 payment from the $5000 he received from the sale. The Debtor asks the Court to believe that the Bank had authorized him to sell the truck and to use his own judgment as to how to distribute the proceeds. The Court finds far more plausible the testimony of Greg Bohlen, Senior Vice–President at the Bank, indicating that the Debtor was indeed authorized to sell the collateral, but was directed to apply the proceeds to reduce the Bank's note. While the Bank was perhaps ill-advised in allowing the Debtor the latitude to sell the truck himself, rather than collecting it from him for sale, under Sec. 523(a)(6) the Court is concerned only with the conduct and intent of the Debtor. The Debtor's misconduct lies in his misappropriation of the proceeds. The Debtor has failed to establish just cause or excuse for his knowingly wrongful intentional conversion of the Bank's collateral. Hence, the debt owed the Bank is nondischargeable, to the extent of the value of the collateral less the amount applied to the Bank's note. The Court finds that the value of the collateral is $5000, the sum the Debtor received for its sale. The amount applied to the Bank's note is $284. Thus, the debt owed the Bank is nondischargeable in the amount of $4716.

■ The Bank seeks judgment for its attorneys' fees in this proceeding, relying on a doctrine referred to as the "American Rule." That doctrine limits allowance of attorneys' fees in cases involving federal law to those in which there exists a statutory basis, a basis created by instrument which is the basis for relief in the case, or aggravated conduct situations justifying imposition of fees for equitable reasons. *In re Woods,* 25 B.R. 16, 17 (Bankr.D.Or. 1982). The Bank contends that because the form note the Debtor signed contains a provision wherein the Borrower agrees to pay attorneys' fees as part of costs of collection, the Bank is entitled to attorneys' fees. The Court finds that the award of attorneys' fees in a bankruptcy proceeding to determine dischargeability of a debt is beyond the scope of the provision contained in the note. The Court further finds that the award of attorneys' fees to a prevailing creditor in such a proceeding is within the Court's discretion, and is the exception rather than the rule. In this case, the Court holds that the Bank is not entitled to attorneys' fees.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

## ORDER

For the reasons set forth in an Opinion entered on the 11th day of May, 1988;

IT IS THEREFORE ORDERED that the amount due and owing the Bank of Findlay

in the amount of $4716 be and is hereby nondischargeable in bankruptcy.