**In re Sheri L. DIBBEN, fka Sheri L. LaFavour, fka Sheri L. Droulard, Debtor.**

**SEARS, ROEBUCK & COMPANY, a New York Corporation, Plaintiff,**

**v.**

**Sheri L. DIBBEN, fka Sheri L. LaFavour, fka Sheri L. Droulard, Defendant.**

**Bankruptcy No. 91–03426.**
**Adv. No. 92–6033.**

United States Bankruptcy Court, D. Idaho.

April 6, 1992.

Kenneth R. Arment, Lawson, Peebles, Ballard & Edson, Boise, Idaho, for plaintiff.

Richard L. Alban, Nampa, Idaho, for defendant and debtor.

---

**3.** *Malkin v. United States,* 645 F.Supp. 229 (S.D.N.Y.1986).

**24**

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Bankruptcy Judge.

The complaint of the plaintiff, Sears, seeks a judgment of the court declaring the debt owed Sears by the debtor/defendant, Sheri L. Dibben, is nondischargeable under the provisions of 11 U.S.C. § 523(a)(6), the malicious injury to property discharge exception. The cause of action is based on the allegation Sheri L. Dibben purchased a refrigerator and electric range from Sears and converted the same. It is undisputed the property has disappeared and is not subject to application on the Sears claim.

Two issues are presented: Do the actions of the defendant in disposing of the property constitute malicious injury to property under Section 523(a)(6)[1]? Secondly, has the plaintiff carried its burden of proving its damages, that is, the amount of the remaining debt which should be determined nondischargeable?

### I. Conversion

■ The defendant's explanation for the loss of the property is not creditable, is totally uncorroborated and consists of conflicting statements. According to her trial testimony, she stored the refrigerator with a friend. The refrigerator would not function properly so the friend took it to a second hand store for repair. Neither the defendant nor the friend could pay the repairs in the amount of $150.00 so the refrigerator was not redeemed. When last she checked, the defendant found the second hand store was no longer in business. The range was stored with another friend who disappeared with it.

Under this evidence and explanation, the finding is made the defendant intentionally converted the property without just cause or excuse and the conversion obviously produced harm to the plaintiff Sears.[2] Ac-

cordingly, the conclusion is made the debt is nondischargeable under the provisions of 11 U.S.C. § 523(a)(6).

### II. Damages

■ Dotty Hawkes, an employee from Sears, testified $1,597.51 remains owing on the purchase of the refrigerator and range. She also testified the fair market value of the collateral is approximately $565.00.

■ When a debt is declared nondischargeable, the amount of the nondischargeable debt is determined by the fair market value of the collateral at the time of conversion.[3]

Judgment will be entered in Sear's favor in the amount of $565.00. Plaintiff's counsel may prepare an appropriate form of judgment.

---

1. 11 U.S.C. § 523(a)(6) provides:

    .    .    .    .    .

    (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

    .    .    .    .    .

2. *In re Cecchini*, 780 F.2d 1440 (9th Cir.1986); *In re Wood*, 96 B.R. 993, 996 (9th Cir.1988); *In*

*re Itule*, 114 B.R. 206 (9th Cir. BAP 1990); and *In re Littleton*, 942 F.2d 551, 554 (9th Cir.1991).

3. *In re Penney*, 76 B.R. 160, 162 (Bankr.N.D.Cal. 1987); *Matter of McCune*, 82 B.R. 510, 515 (Bankr.W.D.Mo.1987); *In re Nielson*, 97 B.R. 269, 274 (Bankr.W.D.N.C.1989); *and In re Sain*, 101 B.R. 30, 32 (Bankr.C.D.Ill.1988).