**In re Phong L. BACCAM, Debtor.**

**Roses T. PHAM, Plaintiff,**

v.

**Phong L. BACCAM, Defendant.**

Bankruptcy No. 93–2303–8P7.
Adv. No. 93–351.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 28, 1994.

William Knight Zewadski, Tampa, FL, for plaintiff.

Warren J. Knaust, St. Petersburg, FL, for debtor/defendant.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION**

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 liquidation case and the matter under consideration is a one-count Complaint filed by Roses Pham (Plaintiff) seeking to except a debt owed to her by Phong Baccam (Debtor) from his general discharge pursuant to § 523(a)(2)(A). The facts relevant to resolution of this controversy as established at the final evidentiary hearing are as follows:

The Debtor is a naturalized citizen of the United States, previously having been a citizen of Laos. The Plaintiff is a naturalized citizen of the United States, previously having been a citizen of Viet Nam. Prior to the commencement of this case, the Debtor and the Plaintiff became acquainted and in 1987,

the Plaintiff loaned the Debtor a total of $7,700.00, loaned in five installments on the following dates and in the following amounts:

| | |
|---|---|
| January, 1987 | $1,500.00 |
| January, 1987 | 2,000.00 |
| February, 1987 | 1,500.00 |
| March, 1987 | 1,200.00 |
| March 1987 | 1,500.00 |

Each installment was evidenced by a separate promissory note made payable to the Plaintiff and executed by the Debtor. According to the Plaintiff, the Debtor represented to the Plaintiff that he was an engineer and needed this money in order to obtain a job in Singapore. It is without dispute that the Debtor does not hold an engineering degree, nor has ever been employed as an engineer. According to the Debtor, he never represented himself as an engineer, or expressed a desire to obtain employment in Singapore.

In addition, in April of 1987, the Plaintiff gave the Debtor her Mastercard in order to pay for her husband's alcohol treatments. According to the Plaintiff, because she was working at night and could not pay the bill in person and instead of making this payment, the Debtor charged transmission repairs on his car and purchased jewelry by signing the Plaintiff's name to the slip. Notwithstanding the Plaintiff's assertions, the record from a state court action arising from these same transactions, reflects allegations by the Plaintiff that the Debtor's daughter had the use of the Mastercard for the purpose of purchasing real estate.

Based upon these facts, the Plaintiff contends that the Debtor obtained money and credit from her through false representation and fraud, and therefore, the debt owing to her should be excepted from the overall protections of the general discharge pursuant to § 523(a)(2)(A) of the Bankruptcy Code. § 523(a)(2)(A) provides in pertinent part as follows:

§ 523. Exceptions to Discharge.

(a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

The burden of proof to sustain a claim of nondischargeability based upon § 523 of the Bankruptcy Code is placed upon the party seeking to except the debt from discharge by a mere preponderance of the evidence. *Grogan v. Garner* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). To prevail on a claim of nondischargeability based on § 523(a)(2)(A) the plaintiff must establish with the requisite degree of proof that: (1) the debtor obtained money, property, services, or credit or the extension of or the renewal of credit; (2) by false pretenses, misrepresentation or by actual fraud; and (3) the plaintiff in reliance suffered loss and injury as a proximate result of the false representations by the debtor.

Considering first the use of the Mastercard, even a cursory reading of section § 523 and consideration of the facts before the Court leaves no doubt that the Debtor did not obtain any money, property, services, credit or the extension or the renewal of credit from the Plaintiff by the use of the credit card. While it might be contended that the Debtor did in fact obtain credit, albeit indirectly, by using the credit card, this proposition does not bear close analysis and to accept same would be stretching the scope of § 523(a)(2)(A) to an illogical limit. This leaves for consideration the monies loaned under the promissory notes.

The record before the Court is, at best, in equilibrium as to the representations, or misrepresentations, made by the Debtor to the Plaintiff. The record presented before the Court is nothing more than a swearing contest between two parties who are no longer friends. There is no documentary evidence, nor corroborating evidence which would establish the representations made by the Debtor which induced the Plaintiff to loan the Debtor money. The notes evidencing the loans simply state that the loan was

made and that the Debtor will pay the amount back on demand. Therefore, based on the foregoing, this Court is satisfied that the Plaintiff has failed to sustain its burden of proof. A separate final judgment shall be entered in accordance with the foregoing.