Roses T. PHAM, Appellant,

v.

Phong L. BACCAM, Appellee.

No. 94–1400–CIV–T–17.

Bankruptcy No. 93–2303–8P7.

Adv. No. 93–351.

United States District Court,
M.D. Florida,
Tampa Division.

March 6, 1995.

Warren Jay Knaust, Knaust & Valente, P.A., St. Petersburg, FL, for appellee.

Roses T. Pham, appellant, pro se.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on appeal from a discharge of debt entered on July 14, 1994, by Chief Bankruptcy Judge Alexander L. Paskay, in an adversary proceeding in connection with a Chapter 7 proceeding, 166 B.R. 455. Jurisdiction over appeals from the final judgments, orders and decrees of the Bankruptcy Court is vested in the Federal District Courts pursuant to 28 U.S.C. section 158(a). This Court, having reviewed the briefs submitted by the respective parties, together with the record of the trial court, does hereby find as follows:

### STANDARD OF REVIEW

Rule 8013, Federal Rules of Bankruptcy Procedure, provides that findings of fact by the Bankruptcy Court judge "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."

### FACTS AND PROCEDURAL HISTORY

The debtor, Phong L. Baccam (hereinafter "Baccam"), filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Code on March 2, 1993. Chief Bankruptcy Judge Alexander Paskay entered a General Discharge of Debt on June 7, 1993. The creditor, Roses Pham (hereinafter "Pham"), commenced an adversary proceeding in Bankruptcy Court on June 1, 1993, seeking to except a debt owed to her by Phong Baccam (Debtor) from his general discharge pursuant to § 523(a)(2)(A), which provides in pertinent part:

§ 523 Exceptions to Discharge.

(a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does

not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

In 1987, Pham, in a series of five (5) installments, loaned Baccam $7,700.00. Each installment was evidenced by a separate promissory note made payable to Pham and executed by Baccam. The notes state only that a sum certain of money was lent and that payment would be made on demand. According to Pham, Baccam said he was an engineer, and needed the money to get to Singapore where he had obtained a job. According to Baccam, he never represented himself as an engineer, and never said he needed the money to get to Singapore.

Additionally, in April of 1987, Pham gave possession of her Mastercard to Baccam. Pham maintains that her husband was in an alcohol treatment center, and because she was working nights and sleeping during the day, she was unable to personally make the payments for her husband's treatment during the day. Baccam was to make this payment with her Mastercard. Pham further alleges that instead of doing this, Baccam charged car repairs and purchased jewelry by signing the Plaintiff's name to the credit card slip.

Notwithstanding these allegations by Pham, the record contains testimony regarding a separate state court action whereby Pham maintains that the credit cards were specifically loaned to the daughter of Baccam, for the specific purpose of purchasing property. There is no mention in the context of that proceeding that the credit cards were released to Baccam for the express purpose of making payment for the alcohol treatment. The Final Judgment in the state court action awarded Pham principal plus interest on the notes; $3,415.69 on the Master Card; and $3,695.46 on the Visa card. The state court found that punitive damages were not justified.

Based upon these facts, Pham contends that Baccam obtained money and the use of her credit cards through false pretenses and fraud, and, therefore, the money owed to her by Baccam should be excepted from the general discharge.

## DISCUSSION

The burden of proof to sustain a claim of nondischargeability based upon § 523 of the Bankruptcy Code is placed upon the party seeking to except the debt from discharge, and requires a showing of a mere preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Further, the creditor must prove that "the debtor made a false representation with the purpose and intention of deceiving the creditor; the creditor relied on such representation; his reliance was reasonably founded; and the creditor sustained a loss as a result of the representation." *In re Bombard*, 59 B.R. 952, 954 (1986). The burden is on the creditor to provide clear and convincing evidence substantiating each element of the claim. *Id.*, at 954.

Having reviewed the Bankruptcy Court's decision, this Court finds no reason to conclude that the findings of fact were clearly erroneous. The record is totally void of any documentary evidence which would establish that the alleged representations made to Pham by Baccam induced the lending of the money. The record is filled with contradictions between the parties as to what actually transpired regarding the credit cards. Judge Paskay had the opportunity to consider the testimony of the parties and the evidence presented at trial. His finding that the debt was properly discharged was based on the failure of appellant to sustain her burden of proof by providing clear and convincing evidence substantiating each element of the claim. Regardless of whether some evidence is presented that tends to prove fraud on the part of the debtor, if the creditor does not meet the requisite burden of proof, the debt may be declared dischargeable. *In re Kistler*, 46 B.R. 739, 740 (S.D.Iowa 1985). "Findings of fact, whether based on oral or documentary evidence, shall

not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Rule 8013, Federal Rules of Bankruptcy Procedure, *In re Downtown Properties, Ltd.,* 794 F.2d 647 (11th Cir.1986).

### CONCLUSION

This Court has carefully reviewed the Findings of Fact, Conclusions of Law and Memorandum Opinion of Judge Paskay, as well as the briefs of both parties and the record of the proceeding in bankruptcy court. Under the standards quoted above, the Court finds that the findings of fact contained in the order are not clearly erroneous. The Court also finds that the conclusions of law contained in Judge Paskay's order are sound. Accordingly, it is

**ORDERED** that the Final Judgment discharging Appellee's debt be **AFFIRMED** and the Clerk of the Court be **directed** to enter judgment for the Appellee.

**DONE and ORDERED.**