**Thomas Donald SHELTON, Plaintiff,**

v.

**STEERING FEDERAL CREDIT UNION, Defendant.**

**No. CV–95–N–1142–NE.**

United States District Court, N.D. Alabama, Northeastern Division.

Aug. 29, 1995.

Wesley G. Smith, UAW Legal Services Plan, Madison, AL, for Thomas Donald Shelton.

Brent A. King, Trimmier Law Firm, Decatur, AL, for Steering Federal Credit Union.

Judith Thompson, Trustee, Huntsville, AL.

**MEMORANDUM OF OPINION**

EDWIN L. NELSON, District Judge.

The debtor, Thomas Donald Shelton ("Mr. Shelton") appeals from the Bankruptcy

Court's finding of nondischargeability of $750.00 of the secured claim of creditor Steering Federal Credit Union ("Steering") which arose out of the financing of the purchase of a 1988 Chevrolet truck. Steering cross-appeals from the refusal of the court to award prejudgment interest and attorney fees.

The court has carefully examined the entire file and applicable provisions of law and, pursuant to Bankruptcy Rule 8012(3), specifically finds that "the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument." Accordingly, the court will decide the appeal on the basis of the record and briefs of counsel and without oral argument. The court will reverse the finding of nondischargeability, rendering moot Steering's cross-appeal.

■ The court begins from the settled rule that findings of fact by the Bankruptcy Judge must be accepted by this court unless they are clearly erroneous, giving due regard to the opportunity of the court below to judge the credibility of the witnesses first hand. *Federal Land Bank of Jackson v. Cornelison*, 901 F.2d 1073 (11th Cir.1990). The deference due the bankruptcy court's factual findings is not applicable to its conclusions of law. On such conclusions, this court's review is *de novo*. *In re Sublett*, 895 F.2d 1381, 1383 (11th Cir.1990). *See Bowest v. Stafford*, 123 B.R. 415, 21 Bankr.Ct.Dec. 503 (N.D.Ala.1991).

■ The bankruptcy court did not reduce its findings of fact to writing, preferring to orally indicate on the record of the evidentiary hearing, the basis of its decision. The record, in conjunction with the bankruptcy court's explicit findings, would support the following facts:

In 1989 Mr. Shelton, a single man, purchased a 1988 Chevrolet 1500 pickup truck which included enhancements known as a Choo Choo Recarro package. This package consisted of power bucket seats, separated by a console, a fiberglass cab extender, chrome wheels, and a chrome bumper. He financed the purchase with a loan of $14,-995.00 from Steering, giving a security interest in the vehicle.

Subsequent to his purchase of the truck, the debtor was married and had a child. The Chevrolet truck was the only vehicle owned by the Sheltons but, because of the bucket seats and console, he was unable to place and secure a child restraint seat for his child, as is required by Alabama law. To meet his then current needs, he traded the bucket seats and console to his friend, Gary Fielder, for a bench type seat. The transaction was an even one with no money exchanging hands. There is nothing to suggest that Mr. Shelton contemplated bankruptcy at the time of the trade.

At some unspecified time, the debtor accidentally hit a curb and damaged two of the chrome wheels. Rather than replace them at considerable expense he replaced all four with regular wheels, discarded the two damaged wheels and stored the good wheels at his brother's home. The brother was later divorced, moving from the home, and the whereabouts of the two chrome wheels was unknown at the time of the hearing.

The fiberglass cab extender was removed and discarded after Mr. Shelton found it broken so that it would no longer properly attach to the bed of the truck.

After filing his bankruptcy proceeding, Mr. Shelton surrendered the truck to the creditor by leaving it in the creditor's parking lot. When the creditor's officer, Robert Harris, inspected the truck within an hour, he found that the chrome bumper was not there.

The creditor had made several automobile loans to the debtor and had made at least two unsecured loans to him. The evidence was that he had repaid the previous loans and, except for having failed to maintain insurance on the Chevrolet truck, had satisfactorily performed his obligations under the various loans. There is no evidence that he ever informed Steering that the various items had been removed from the truck.

Mr. Harris testified, and the bankruptcy court found, that the power bucket seats were worth $500.00, the console $50.00 and

the chrome wheels $200.00.[1] The judge stated:

> There are numerous cases out there that hold that conversion, wilful conversion does fall within the malicious injury exception, that the act basically can speak for itself, that it's a tort and that if there is a conversion of property that the act speaks for itself basically in bankruptcy and would show a wilfulness of taking somebody's property or property that's subject to a lien and disposing of it wilfully and knowledgeably would be a conversion and be nondischargeable.

(Trial transcript, pp. 78–79). The court further stated:

> [W]hether you read it [the loan instruments] or not, the law is clear that you are on notice of anything that you wilfully sign. And that sounds unfair sometimes, but nonetheless, fair is fair.

(Trial transcript, p. 81).

Under 11 U.S.C. § 523(a)(6) a discharge in bankruptcy may not be had for a willful and malicious injury by the debtor to another entity or to the property of another entity. "Willful and malicious injury includes willful and malicious conversion, which is the unauthorized exercise of ownership over goods belonging to another to the exclusion of the owner's rights." *In re Wolfson,* 56 F.3d 52, 54, Bankr.L.Rep. P 76,545 (11th Cir.1995). It is clear here that the bankruptcy court applied a lesser standard than the "maliciousness" required by the statute. When the Congress adopted section 523(a)(6) in its present form, it expressly overruled prior case law which had used a "reckless indifference" standard. *See* H.R.Rep., No. 595, 95th Cong., 1st Sess. (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5963, 6320–21; *In re Held,* 734 F.2d 628, 630 (11th Cir.1984) (A conversion done without a conscious intent to violate the rights of another or under a mistake or misapprehension is dischargeable even though done recklessly.)

In summary, the bankruptcy court misconstrued the requirement of section 523(a)(6) that a conversion of secured property be both willful and malicious before it would result in nondischargeability. It essentially applied a "should have known" or a reckless standard. This is what the statute and the courts say cannot be done.

The matter will be remanded to the bankruptcy court for entry of a judgment in favor of the debtor and against the creditor. The creditor's claim for an attorney fee and for interest is moot.

---

1. The court ruled in favor of the debtor with regard to the cab extender and the chrome bumper, finding the cab extender was worn out and that there was no proof that the debtor removed the chrome bumper.