In the Matter of Mark A.
TAYLOR, Debtor.

AMERICAN GENERAL FINANCE,
Plaintiff,

v.

Mark A. TAYLOR, Defendant.

Bankruptcy No. 95–81069.
Adv. No. 95–80133.

United States Bankruptcy Court,
N.D. Alabama,
Northern Division.

Oct. 19, 1995.

Stan McDonald, Wolfe, Jones & Boswell, Huntsville, AL, for Plaintiff.

John Larsen, Bond, Botes, Sykstus, Larsen & Ledlow, P.C., Huntsville, AL, for Defendant/Debtor.

## MEMORANDUM OPINION

JACK CADDELL, Bankruptcy Judge.

This matter is before the Court on a complaint filed by the plaintiff, American General Finance, seeking a determination by this Court that certain debts owed to it by the debtor/defendant, Mark A. Taylor (hereinafter "debtor"), are nondischargeable pursuant to 11 U.S.C. § 523(a)(6) for the willful and malicious conversion of property subject to the plaintiff's purchase money security interest. The trial in this matter was held on the 10th day of October, 1995.

Upon due consideration of the evidence presented at trial, arguments of counsel, and relevant case law, the Court makes the following findings of fact and conclusions of law. The debtor executed a Retail Installment Contract (hereinafter the "note") to Dinettes Beds & Sofas dated July 7, 1994, in the total amount of $2,310.00. The note was secured by various furniture items including a bedroom suite, dinette chairs, and a desk lamp. The note contained an assignment clause assigning the note to American General Finance, Inc., the plaintiff herein. Under the terms of the note, the debtor was scheduled to begin making payments for the furniture on January 8, 1995.

On July 8, 1994, the debtor executed a similar note to Circuit City of Huntsville in the total amount of $1,732.82 for the purchase of stereo equipment. This note also contained language assigning the note to the plaintiff and provided that the first payment date for the stereo equipment was August 8, 1994.

During this time the debtor was involved in the process of filing for divorce. The debtor purchased said items in an effort to refurnish his home upon the separation from his wife. The debtor testified that in the months of August and September of 1994, several items of the subject property were taken from his residence by his ex-wife and by a girlfriend without his consent or knowledge. The debtor further testified that he attempted to retrieve said items without success and that he did not file a police report regarding the thefts because said items were stolen as a result of the domestic relations disputes in which the debtor was involved.

The debtor further testified that he sold one of the dinette chairs in September, 1994 to satisfy his September rent obligation.

The Court does not believe that the debtor was contemplating bankruptcy at the time he sold the subject chair. The plaintiff testified that he contacted the debtor at the debtor's home early in September at which time the debtor indicated that he was contemplating bankruptcy. However, the debtor testified that he did not contemplate bankruptcy until December of 1994. While the Court recognizes the difficulty in disproving the debtor's testimony that he did not contemplate bankruptcy until December of 1994, the Court finds that the debtor did appear to be a credible witness. Further, the court finds that it is significant that the debtor did not file for bankruptcy relief until April 21, 1995, upon which date he filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Moreover, the note on the furniture was not in default at the time the debtor sold the dinette chair because the first payment for the furniture was not due until January of the following year.

After filing his bankruptcy petition, the debtor surrendered the remaining dinette chairs and the desk lamp to the plaintiff. The plaintiff sold the merchandise and applied the proceeds to the debtor's balance owed.

The plaintiff seeks to declare the above indebtedness nondischargeable pursuant to § 523(a)(6) of the Bankruptcy Code. It is the plaintiff's position that the actions of the debtor in selling the dinette chair and in failing to retrieve the stolen items securing the plaintiff's security interest constituted willful and malicious conduct sufficient to warrant nondischargeability of the debt under § 523(a)(6).

■ Section 523(a)(6) of the Bankruptcy Code exempts from discharge any debt which results from "willful and malicious" injury by the debtor to another entity or the property of another entity. In the case of *In re Ellerbee,* 177 B.R. 731, 738 (Bankr.N.D.Ga. 1995), the court closely examined the myriad of cases attempting to define the terms willful and malicious:

> The Eleventh Circuit has settled on the following definitions of willful and malicious. 'Willful means intentional or deliberate and can not be established merely by

applying a recklessness standard.' *Lee v. Ikner (In re Ikner),* 883 F.2d 986, 989 (11th Cir.1989). Malicious means 'wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will.' *Sunco Sales, Inc. v. Latch (In re Latch),* 820 F.2d 1163, 1166 n. 4 (11th Cir.1987).

Thus, the term "malicious", for purposes of denying the discharge of a debt, means a wrongful act done consciously and knowingly in the absence of just cause or excuse while the term "willful" means intentional or deliberate. *Burgess v. Martin (In re Martin),* 171 B.R. 395, 397 (Bankr.N.D.Ala.1994). In the case of *Chrysler Credit Corp. v. Rebhan,* 842 F.2d 1257 (11th Cir.1988), the Eleventh Circuit adopted the approach taken by the court in the *United Bank of Southgate v. Nelson,* 35 B.R. 766 (Bankr.N.D.Ill.1983) in which the court held that "malice for purposes of section 523(a)(6) can be established by a finding of implied or constructive malice." *Western Temporary Servs., Inc. v. Day (In re Day),* 1993 WL 734838 (Bankr.S.D.Ga. 1993); *See also Rentrak Corp. v. Forbes (In re Forbes),* 186 B.R. 764 (Bankr.S.D.Fla. 1995). However, implied malice is not necessarily established by demonstrating that the debtor acted willfully. Instead, implied malice can be proven "by considering the acts and conduct of the debtor in the context of their surrounding circumstances." *Ford Motor Credit Co. v. Rose,* 183 B.R. 742, 745 (Bankr.W.D.Va.1995).

■ "Willful and malicious injury includes willful and malicious conversion, which is the unauthorized exercise of ownership over goods belonging to another to the exclusion of the owner's rights." *Thomas Shelton v. Steering Federal Credit Union,* CV–95–N– 1142–NE, slip op. at 4 (Bankr.N.D.Ala. Aug. 29, 1995) (citing *In re Wolfson,* 56 F.3d 52, 54 (11th Cir.1995)). Thus, conversion of another's property, without his knowledge or consent, done intentionally and without justification or excuse, is a willful and malicious injury within the meaning of the exception. 3 COLLIER ON BANKRUPTCY, @ 523.16 at 523– 118–119 (15th ed.). However, the mere act of converting another's property does not by

itself constitute willful and malicious injury within the meaning of § 523(a)(6). Instead, the injury resulting from said conversion must be such that the deprivation of the debtor's fresh start is justified under the surrounding circumstances. *In re Wolfson,* 56 F.3d at 53 (citing *Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 332, 55 S.Ct. 151, 153, 79 L.Ed. 393 (1934)).

▮ To effectuate the fresh start policy of the Bankruptcy Code, objections to discharge are strictly construed against an objecting creditor and liberally in favor of the debtor. *Ford Motor Credit Co.,* 183 B.R. at 743; *Shaver Motors, Inc. v. Mills (In re Mills),* 111 B.R. 186, 194 (Bankr.N.D.Ind. 1988). Each element essential to a nondischargeability claim must be proven by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *In re Martin,* 171 B.R. at 397; *Lane v. Jenkins,* 164 B.R. 700, 702 (Bankr. M.D.Fla.1994). In considering the facts in a light most favorable to the debtor, the plaintiff has fallen short of proving by a preponderance of the evidence that the debtor in this instance acted in a willful *and* malicious manner. It must be noted that the use of the conjunctive in the phrase "willful and malicious" demands that the plaintiff establish both prongs of the test in order for the Court to determine that the debt is nondischargeable pursuant to § 523(a)(6) of the Bankruptcy Code. *Beneficial New York, Inc. v. Bossard (In re Bossard),* 74 B.R. 730, 733 (Bankr.N.D.N.Y.1987).

▮ With regard to the property stolen as a result of the debtor's domestic relations disputes, the plaintiff failed to prove that the debtor intentionally or deliberately converted said property. The debtor testified that he did not consent to the taking of the furniture and the plaintiff failed to present any evidence to the contrary. The case of *Beneficial New York, Inc., supra,* presented a similar situation where the debtor's automobile was stolen. There the court held that although "[t]he disappearance of the automobile present[ed] a close question for the court" the fact that the debtor was no longer in possession of the automobile did not "suffice for proof that the Debtor took active,

willful, and malicious steps to convert the collateral." *Id.* at 736. The result in the instant case is the same. It is not necessary for this Court to consider whether or not the plaintiff satisfied the second prong of § 523(a)(6) where the plaintiff failed to establish the first prong thereof.

▮ The plaintiff also failed to prove by a preponderance of the evidence that the debtor acted willfully and maliciously in selling one of the dinette chairs to satisfy his September rent obligation. Although malice can be established by implied or constructive malice, the plaintiff failed to demonstrate that the debtor knew or should have known that his actions would cause financial harm to the plaintiff. *Ford Motor Credit Co.,* 183 B.R. at 745 (providing that to prove malice a plaintiff must demonstrate that "in light of the surrounding circumstances, the debtor knew or should have known that his acts would cause financial harm to the creditor"). A debtor cannot sell property in which another has a security interest and "subsequently claim innocence or lack of willfulness and malice when the debtor knew or should have known that it was not authorized to sell the property and that the sale of the property would destroy the creditor's security interest" therein. *Rentrak Corp.,* 186 B.R. at 768. However, in this case the debtor testified that at the time he sold the dinette chair he fully intended to comply with the furniture payments when they became due. The debtor was involved in a divorce proceeding at that time and was merely attempting to rearrange his finances. The note was not in default at the time of the sale, and the debtor did not file for bankruptcy until some nine months after selling the furniture. There is no dispute that the act of selling the dinette chair was deliberate and intentional, but the plaintiff has not demonstrated to this Court that the act was malicious. Thus, the plaintiff has in this matter satisfied the first prong of § 523(a)(6), but has failed to carry his burden as pertaining to the second prong.

▮ It should further be noted that the plaintiff did not offer any evidence regarding the value of its security interest. When a

creditor is successful in objecting to the discharge of its claim for the willful and malicious conversion of its collateral, the measure of damages is not the amount owed by the debtor. Instead, the measure of damages is the value of the collateral at the time of conversion. *Bonfiglio v. Harkema Assocs., Inc.*, 171 B.R. 245 (Bankr.E.D.Mich.1994); *Shaver Motors, Inc.*, 111 B.R. at 207. In this instance, the plaintiff merely proffered evidence establishing the full balance due and owing under the notes.

After consideration of the evidence, it is the Court's conclusion that the plaintiff failed to prove by a preponderance of the evidence that the actions of the defendant were both willful and malicious. The indebtedness owed to the plaintiff by the defendant is dischargeable in bankruptcy.

An Order in accordance with this opinion will be entered.