In re Albert B. COLE, Debtor.

ORIX CREDIT ALLIANCE,
INC., Plaintiff,

v.

Albert B. COLE, Defendant.

Bankruptcy No. 94–4205–9P7.
Adversary No. 95–79.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Aug. 30, 1996.

James E. Foster, Orlando, FL, for Plaintiff.

Bill B. Berke, Cape Coral, FL, for Defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

In this Chapter 7 liquidation case, the above-styled adversary proceeding concerns the dischargeability vel non of an obligation of the Debtor, Albert B. Cole (Debtor) owed to Orix Credit Alliance, Inc. (Orix) pursuant

to 11 U.S.C. § 523(a)(6). Orix's Complaint for a finding of nondischargeability is based upon assertions that the Debtor willfully and maliciously sold, transferred or otherwise disposed of property in which Orix held a perfected security interest.

In due course the matter was set down for final evidentiary hearing, at which time the Court heard testimony and, having considered same together with the stipulated facts, now finds and concludes as follows:

The record reveals that prior to the commencement of this case, Linder Industrial Machinery Company (Linder) and N. Cole Construction, Inc. (N. Cole) entered into a conditional sale contract (Contract) for the purchase of specific collateral. (Plaintiff's Exh. 3). Thereafter, Linder assigned the Contract to Orix. (Plaintiff's Exh. 4). Pursuant to the Contract and the Assignment, N. Cole granted Orix a security interest in the specific collateral and certain blanket collateral encumbering other assets of N. Cole. Orix perfected its security interest in the specific items and other unspecified items by filing a Financing Statement with the Secretary of the State of Florida (Plaintiff's Exh. 5), which it later amended. (Plaintiff's Exh. 6).

Sometime in early December, 1992, N. Cole transferred the Contract to Cole Development Corporation (Cole Development). (Plaintiff's Exh. 7). The Debtor was President of both companies. At that time, the Debtor executed and delivered a personal guarantee of that obligation and the debt to Orix. (Plaintiff's Exh. 8). Thereafter, Orix perfected its security interest in the collateral owned by Cole Development by filing an amended Financing Statement. (Plaintiff's Exh. 9). Cole Development failed to make the contractual payment due on September 1993, and all subsequent payments. Based on the default, Orix accelerated the amount due under the installment note and demanded full payment from the Debtor. Orix also exercised its contractual rights to repossess and sell the specific collateral, which it did, resulting in an undisputed deficiency amount of $134,703.52 as of May 2, 1994, plus interest, court costs and attorneys' fees. The amount claimed due as of the trial date was

$183,743.32 plus a per diem charge of $66.27 thereafter. Following the sales, Orix unsuccessfully attempted to locate and repossess its other collateral and assets of Cole Development in which it had a security interest. On May 2, 1994, the Debtor sought relief under Chapter 11 but the case was ultimately converted to one under Chapter 7 on September 19, 1994. Orix's Complaint seeking to except the debt from discharge was filed in the above-styled adversary proceeding on February 13, 1995.

Section 523(a)(6) excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" which must be proven by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). The term "willful" has been interpreted as "deliberate or intentional." *Chrysler Credit Corp. v. Rebhan,* 842 F.2d 1257 (11th Cir.1988) (quoting Senate Report, No. 95–989, 95th Cong., 2d Sess. (1978), 1978 *U.S.Code Cong. & Admin.News,* 5787, 5865.) The malice requirement of § 523(a)(6) is sufficiently proven by an objective demonstration that the Debtor acted with implied or constructive malice or a reckless disregard for the property rights of another entity. *Rebhan, supra; see also United Bank of Southgate v. Nelson,* 35 B.R. 766 (Bankr.N.D.Ill.1983). Clearly, the sale of collateral without the lienholder's consent may constitute willful and malicious injury so as to be nondischargeable under § 523(a)(6). *See, e.g., In re Muto,* 124 B.R. 610 (Bankr. M.D.Fla.1991); *In re Clark,* 50 B.R. 122 (Bankr.N.D.D.1985). Moreover, even without an intent to defraud, the willful sale of collateral in derogation of a secured party's rights may trigger the § 523(a)(6) exception. *E.g., In re Ogden,* 119 B.R. 277 (Bankr. M.D.Fla.1990); *In re Howard,* 6 B.R. 256 (Bankr.M.D.Fla.1980).

This record is devoid of any evidence of what actually happened to the collateral, and the Defendant is clearly not under any burden to provide an explanation. Rather, the burden always remains on the Plaintiff to establish all of the operating elements of § 523(a)(6); namely (1) that the Defendant engaged in conduct which (2) caused willful

and malicious injury to (3) an entity or property of the entity. The evidence in this record simply confirms that the collateral is missing. Taken in the most charitable light, the record lacks sufficient strength to establish a claim under § 523(a)(6), and the evidence presented is equally balanced. This Court is satisfied that, without more, Orix cannot sustain its burden of proof, even under the more generous *Grogan* standard. *Compare Pham v. Baccam,* 166 B.R. 455 (Bankr.M.D.Fla.1994); *Brannelly v. Bilzerian,* 158 B.R. 233 (Bankr.M.D.Fla.1993).

Therefore, based on the foregoing, this Court is satisfied that Orix's claim that the debt owed it by the Debtor should be excepted from discharge must be denied.

DONE AND ORDERED.