In the Matter of Howard Morris ALEXANDER and Regina Dianne Alexander, Debtors.

AVCO FINANCIAL SERVICES OF ALABAMA, INC., Plaintiff,

v.

Howard Morris ALEXANDER and Regina Dianne Alexander, Defendant.

Bankruptcy No. 96–80095.
Adv. No. 96–80131.

United States Bankruptcy Court,
N.D. Alabama,
Northern Division.

Oct. 10, 1996.

Bingham D. Edwards, Edwards, Mitchell & Reeves, Decatur, AL, for plaintiff/debtors.

Brent A. King, Decatur, AL, for defendant.

## MEMORANDUM OPINION

JACK CADDELL, Bankruptcy Judge.

This matter is before the Court on the complaint of Avco Financial Services of Alabama, Inc. (hereinafter "Avco"), seeking a determination that the debt owed by the defendants/debtors, Howard and Regina Alexander (hereinafter the "debtors"), is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6) of the United States Bankruptcy Code (hereinafter the "Code"). The hearing in this matter was held on the 2nd day of October, 1996. This is a core proceeding under 28 U.S.C. § 157(a), (b)(2)(I) of the Code, over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). Upon due consideration of the pleadings, arguments of counsel, and the documents submitted in support thereof, the Court finds as follows.[1]

On January 11, 1996, debtors filed a voluntary petition for relief under Chapter 7 of Title 11 of the Code. Prior to filing bankruptcy, debtors granted Avco a purchase money security interest in one Heil air conditioning unit in consideration for a loan of $3,677.00, documented by retail installment contract dated June 16, 1994. On the date debtors filed bankruptcy, $3,049.31 was due under the terms of the contract. The administrative assistant for Avco, Sylvia Tennyson, testified that the fair market value of the subject property was $3,000.00 on the date debtors filed bankruptcy.

At the hearing, debtors testified that the Heil unit was attached to their mobile home located at Route 11, Box 3252, Florence, Alabama, and admitted that they understood that the unit was not to be moved from this address. After debtors filed bankruptcy, Avco obtained permission from debtors' counsel to regain possession of the unit. Upon attempting to obtain possession of the unit, Avco discovered a dilapidated Fedders air conditioning unit in place of their collateral. The issue before the Court is whether debtors willfully and maliciously converted the Heil unit in violation of section 523(a)(6) of the Code.[2]

The debtors vacated their Florence home and moved to Decatur, Alabama, in November of 1994. At the time debtors moved to Decatur, the Heil air conditioner was still affixed to the mobile home. Debtors began renting the mobile home to Ricky and Angela Whitaker in January of 1995. The debtors evicted the Whitakers approximately seven (7) to ten (10) months later for nonpayment of rent.

Apparently, Mrs. Alexander made two trips to the property in Florence after the Whitakers moved out. The first trip was to clean up the property, which the Whitakers had apparently left in a terrible mess. She testified that on this visit, the Heil air conditioner was still affixed to the mobile home. Mrs. Alexander subsequently equivocated, but was unsuccessful in rehabilitating this testimony. The second trip to the property was made by both debtors along with two friends to remove certain fixtures from the property prior to debtors surrender of the property to the first mortgage lender for foreclosure. The property removed by them was a fence, the front deck from the mobile home, and an outbuilding. Both Mr. and Mrs. Alexander testified that they did not notice whether the Heil unit was missing from the property on this second trip.

In contrast, Mike Gifford, a former neighbor of the debtors, testified that he noticed the Heil unit was taken at or about the same time as the debtors were cleaning the mobile home and removing other items from the property over a one week period. Mr. Gif-

---

**1.** This Memorandum Opinion constitutes Findings of Fact and Conclusions of Law pursuant to Federal Rule of Bankruptcy Procedure 7052, and Federal Rule of Civil Procedure 52.

**2.** Although the complaint also contained a general allegation objecting to discharge under 11 U.S.C. § 727(a)(5) of the Code, the scope of the evidence presented at trial was limited to section 523(a)(6).

ford further testified that the Fedders unit appeared during this time period.

Section 523(a)(6) prohibits the discharge of an individual debtor from any debt resulting from the "willful and malicious injury by the debtor to another entity or the property of another entity." 11 U.S.C. § 523(a)(6). Based upon the evidence presented and for the reasons stated below, the Court finds that the subject debt is due to be excepted from discharge under section 523(a)(6).

■ To effectuate the fresh start policy of bankruptcy, Avco has the burden of proving each element of section 523(a)(6) by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). The debtors are "not under any burden to provide an explanation" of the loss. *Orix Credit Alliance, Inc., v. Cole (In re Cole)*, 199 B.R. 804, 805 (Bankr. M.D.Fla.1996) (holding creditor failed to sustain its burden of proof under section 523(a)(6) where adversary record was "devoid of any evidence of what actually happened to the collateral"). Instead, Avco must prove that the debtors willfully and maliciously converted the property subject to Avco's security interest by a preponderance of the evidence. *In re Jenkins*, 164 B.R. 700 (Bankr.M.D.Fla.1994). A lack of proof as to any one of these elements will be fatal to Avco's claim. *In re Hunter*, 780 F.2d 1577 (11th Cir.1986).

■ The term malicious for purposes of denying the discharge of a debt means a wrongful act done consciously and knowingly in the absence of just cause or excuse, while the term willful means intentional or deliberate. *Burgess v. Martin (In re Martin)*, 171 B.R. 395, 397 (Bankr.N.D.Ala.1994). "Willful and malicious injury includes willful and malicious conversion, which is the unauthorized exercise of ownership over goods belonging to another to the exclusion of the owner's rights." *Thomas Shelton v. Steering Federal Credit Union*, 191 B.R. 893, 895 (Bankr. N.D.Ala.1995) (citing *In re Wolfson*, 56 F.3d 52, 54 (11th Cir.1995)). Thus, conversion of another's property, without his knowledge or consent, done intentionally and without justification or excuse, is a willful and malicious

injury within the meaning of section 523(a)(6).

With regard to the first element of section 523(a)(6), willfulness, the Court finds that Avco sustained its burden of proof. This Court previously held in the case of *American General Finance v. Mark Taylor (In re Taylor)*, 187 B.R. 736 (Bankr.N.D.Ala.1995), that the creditor failed to prove by a preponderance of the evidence the willfulness of debtor's conversion of certain household furniture where the debtor testified that the property was stolen as a result of a domestic relations dispute. In that case, the Court found that the disappearance of the creditor's collateral did not " 'suffice for proof that the Debtor took active, willful, and malicious steps to convert the collateral.' " *Id.* at 739 (citing *In re Bossard*, 74 B.R. 730, 733 (Bankr.N.D.N.Y.1987)).

■ However, the Court's finding in *In re Taylor* was substantially based upon the credibility of the debtor's testimony. In the case of *Sears, Roebuck & Company v. Dibben (In re Dibben)*, 139 B.R. 23 (Bankr.D.Idaho 1992), the bankruptcy court held that the creditor sustained its burden of proof under section 523(a)(6) where the Court determined that the testimony of the debtor regarding the disappearance of creditor's collateral was not credible. Similarly in the instant proceeding, the Court finds that the debtors' testimony regarding the loss of Avco's collateral is not credible as the testimony of debtors consisted of numerous conflicting statements. The credibility of the debtors is further lessened by the contradictory testimony of Mike Gifford. Mr. Gifford testified that the Heil unit remained on debtors' property after the Whitakers vacated the premises, and that the unit disappeared while debtors were removing various items of property from the premises. Mr. Gifford further testified that the Fedders unit appeared while debtors were removing property from and cleaning their mobile home. Accordingly, the Court finds that Avco satisfied its burden of proof under the first prong of section 523(a)(6).

■ The Court further finds that Avco satisfied its burden of proof under the second prong of section 523(a)(6), requiring a finding

of malice. As previously stated, the term malicious means a wrongful act done consciously and knowingly in the absence of just cause or excuse. Mr. Alexander testified that he was aware that the terms of the retail installment contract required debtors to leave the Heil air conditioner attached to debtors' mobile home. The debtors were certainly aware that their breach of this requirement would injure Avco's interest in the property. Thus, the Court finds that Avco satisfied its burden of proof under the second prong of section 523(a)(6).

█ Avco's measure of damages is the value of the collateral at the time of conversion. *Bonfiglio v. Harkema Assocs., Inc.*, 171 B.R. 245 (Bankr.E.D.Mich.1994). The uncontroverted evidence establishes the value of the Heil unit as $3,000.00. Accordingly, the debtors' willful and malicious conversion of Avco's collateral is due to be excepted from discharge to the extent of $3,000.00.

A separate judgment will be entered in accordance with this opinion.

### ORDER

In conformity with and pursuant to the memorandum opinion of the Court contemporaneously entered herewith and for reasons set forth therein,

It is ORDERED, ADJUDGED AND DECREED that:

1. Judgment be entered in favor of the plaintiff, Avco Financial Services of Alabama, Inc., and against the defendants, Howard and Regina Alexander.

2. The subject debt is nondischargeable to the extent of $3,000.00 pursuant to 11 U.S.C. § 523(a)(6) of the Code.